SAMUEL TREBBY *vs.* JONATHAN O. SIMMONS.

June 12, 1888.

Statute of Limitations—Objection after Judgment.—Where the objec-
tion to the complaint is taken for the first time after judgment, that
it appears on its face that the cause of action was barred by the statute
of limitations, the objection will not be allowed, unless the complaint
conclusively shows that it was barred.    Following *McArdle* v. *McArdle*,
12 Minn. 53, (98.)

Appeal by defendant from a judgment of the district court for
Morrison county.

*E. H. Farnham* and *Oscar Taylor*, for appellant.

*John H. Rhodes*, for respondent.

MITCHELL, J.    Appeal from a judgment on default.    The only
point made is that the complaint does not state a cause of action,
for the reason that it appears on its face that all of the alleged
cause of action, except one item, was barred by the statute of lim-
itations.    The action was commenced November 29, 1887.    The com-
plaint alleges that between June 1, 1881, and December 3, 1881,
the plaintiff sold and delivered to defendant goods, wares, and mer-
chandise, a true and just account of which is attached and made
part of the complaint; that said goods, wares, and merchandise were
of the "agreed upon price" and reasonable value of $79.17, no part
of which has ever been paid.    The account referred to as attached
to the complaint is for various articles of merchandise, a sum and

date being set opposite each item; the sums aggregating that stated in the complaint, and the dates running from June 2 to December 2, 1881.

The natural and logical rule of pleading, and the one which generally obtains, is that the statute of limitations is purely a matter of defence, and must be expressly pleaded by the defendant, and then the plaintiff may set up in reply any matters in avoidance of its operation. , One objection to holding that the statute takes effect of its own force, and without being pleaded, when the complaint shows upon its face that the action was commenced beyond the time prescribed generally by the statute, is that the plaintiff might be within some of the various exceptions to it, and it would certainly be illogical as well as inconvenient to require the plaintiff to plead these in his complaint. Ang. Lim. 285. This court, however, at an early day, and repeatedly since, (perhaps unfortunately,) held that a complaint showing upon its face that the statute had run is demurrable, or may be objected to after judgment, on the ground that it does not state a cause of action. *Kennedy* v. *Williams,* 11 Minn. 219, (314;) *McArdle* v. *McArdle,* 12 Minn. 53, (98;) *Eastman* v. *St. Anthony Falls W. P. Co.,* 12 Minn. 77, (137;) *Hoyt* v. *McNeil,* 13 Minn. 362, (390;) *Wood* v. *Cullen,* 13 Minn. 365, (394;) *Davenport* v. *Short,* 17 Minn. 8, (24;) *Millette* v. *Mehmke,* 26 Minn. 306, (3 N. W. Rep. 700.) The result of this has been that the court has been engaged ever since in applying, explaining, and modifying the rule. We have held that a demurrer will not lie unless it clearly appears that the action is barred, and that, when no objection is taken on this ground until after judgment, the objection will not be allowed unless the complaint conclusively shows that the action is barred. Thus construed and applied, there is not much left of the rule; for it would be difficult to imagine a case where that fact would "clearly" or "conclusively" appear on the face of the complaint, unless it expressly negatived all the exceptions which would prevent the statute from running.

Another rule which we have frequently applied is that an objection that the complaint does not state facts sufficient to constitute a cause of action, first made after judgment, should not be allowed to

prevail if the complaint can be sustained by any reasonable intendment. *Smith* v. *Dennett*, 15 Minn. 59, (81;) *Solomon* v. *Vinson*, 31 Minn. 205, (17 N. W. Rep. 340;) *Frankoviz* v. *Smith*, 34 Minn. 403, (26 N. W. Rep. 225.) Under these rules, we are of opinion that it neither clearly nor conclusively appears, from the face of this complaint, that any part of plaintiff's account was barred. There is nothing in the complaint inconsistent with the idea that all these goods, although delivered at different dates, were all sold and delivered under one single contract to furnish the whole, in which case the cause of action would not have accrued until the last article was furnished in December. In fact, the language of the pleading favors the construction that $79.17 was the "agreed on" round price for the whole.

Judgment affirmed.