BOARD OF COUNTY COMMISSIONERS OF ITASCA COUNTY v. CHARLES C. MILLER and Others.[1]

June 7, 1907.

Nos. 15,258—(196).

**Action on Official Bond—Complaint.**

County commissioners brought an action against a county treasurer and his bondsmen to secure a money judgment. It is *held:*

(1) That the complaint stated a cause of action based upon the treasurer's failure to account for and to pay over the full amount of taxes collected.

(2) That it did not state a cause of action based upon the failure of the treasurer to collect all interest on county funds payable by the bank designated as a place for public deposits.

(3) That it stated a cause of action with respect to the treasurer's failure to collect penalties on delinquent taxes on land.

**Right to Bring Action.**

Chapter 42, p. 156, Laws 1893, prescribing that no such action should be commenced unless "recommended" within four years from date of filing new bond or expiration of term of office, is inoperative because incapable of a rational construction.

**Pleading Statute of Limitations.**

The statute of limitations is an affirmative defense, which is waived unless asserted by an answer, except only where the bar of the statute clearly and conclusively appears on the face of the pleading. It is not necessary for complainant to negative all exceptions which prevent the statute from running.

Appeal by defendants from an order of the district court for Itasca county, McClenahan, J., overruling their demurrer to the complaint.

[1]Reported in 112 N. W. 276.

Order sustained as to the first and third causes of action alleged in the complaint and reversed as to the second.

C. C. *McCarthy,* for appellants.

*Alfred L. Thwing,* for respondent.

JAGGARD, J.

This action was brought by the plaintiff and respondent to recover of the defendants and appellants three separate amounts under causes of action numbered, respectively, 1, 2, and 3. Plaintiff is the board of county commissioners of Itasca County, Minnesota. The defendants are, respectively, the former treasurer and his bondsmen. From an order overruling defendant's demurrer to the complaint, this appeal was taken.

The pleading of first cause of action is at once a brief on the law concerning the duties of the county treasurer, and a bill of particulars setting forth in great detail the facts that the county treasurer collected moneys in a sum stated, and paid a sum less by $1,043.35. It alleges a demand and a failure to pay. It is not material whether the result be regarded as an action on the implied contract, or in conversion, or on the case. This part of the complaint might be criticised, because it includes conclusions of law and states facts too elaborately. We are of opinion that it is sufficient in law.

The second cause of action seeks to recover $506.78, because the treasurer failed to collect that amount of interest which became due from month to month on deposits made by the treasurer in a bank designated by the auditors, in accordance with sections 729–735 inclusive, G. S. 1894, in force at that time. No section has been called to our attention, nor have we been able to find any, which required the treasurer to collect that interest. He therefore violated no duty. In view of this statutory inadequacy, and of section 739, G. S. 1894, and of the decision in State v. Bobleter, 83 Minn. 479, 488, 86 N. W. 464, we are of the opinion that the demurrer should be sustained as to this cause of action.

The third cause of action sought to recover $210.01, because the treasurer had failed to charge and collect penalties fixed by law upon all such taxes which became delinquent before the same were paid. It is admitted that the statutes provided: "Any treasurer who shall

receive payment of such taxes without including such penalties shall be liable to the county for the amount of penalties omitted." We are of opinion that the complaint stated a prima facie case of several liability on the part of the treasurer, and that if in fact there was any omission of the auditor to furnish the statement of taxes to the treasurer, disclosing the amount of the penalties, this was a matter of affirmative defense, which was proper matter for defendants' answer. Board of Co. Commrs. Ramsey County v. Nelson, 51 Minn. 79, 52 N. W. 991, 38 Am. St. 492; Board of Co. Commrs. of Ramsey County, v. Elmund, 89 Minn. 56, 93 N. W. 1054.

The defendants also urged that the three causes of action previously referred to were barred by the statute of limitations. They insist that chapter 126, p. 274, Laws 1895, is an amendment to chapter 42, p. 156, Laws 1893, and prescribes as the period of limitation in this case, not six years, but four years, after a term of office expires during which the official delinquencies occurred. Section 6 of that law of 1895 reads as follows:

> That from and after the passage of this act, no action shall be maintained against the surety or sureties on a bond, recognizance, obligation, stipulation, or undertaking, given by a public officer of the state, county, town, school district, city, village or municipality, unless such action is *recommended* within four years from the date of filing of a new bond, or the expiration of his term of office, or his resignation or death during such term of office. [The italics are ours.]

It is to be noted that under this section the action cannot be maintained unless such action is "recommended" within four years; but "recommended" by whom? No section of this statute designates any person or body to make that recommendation. No provision of the general statutes, as those applying to the state examiner, the board of county commissioners, the board of audit, or the grand jury, supplies the deficiency. If defendants be right, no action was maintainable at any time. The section impliedly repealed the right of the county to bring actions for such official defalcations. Such a construction is impossible. The act, as so regarded, must be held to be inoperative. The only other construction suggested is that the word "recommended"

should be read "commenced." Such a fabrication would amount to clear, violent, and vicious judicial legislation. The conclusion follows that the law, not being susceptible of a rational construction, did not affect the operation of the usual six-year statute of limitations.

In this conclusion we all concur. We all agree, also, that the statute of limitations is an affirmative defense, which must be raised by answer, unless the bar of the statute conclusively appears upon the face of the pleading; that, unless asserted, it is waived (Schmitt v. Hager, 88 Minn. 413, 417, 93 N. W. 110); that, as Judge Mitchell pointed out in Trebby v. Simmons, 38 Minn. 508, 38 N. W. 693, it would be difficult to imagine a case where the fact would clearly or conclusively appear upon the face of the complaint, unless it expressly negatived all the exceptions which would prevent the statute from running; and that it is not necessary for the complaint to negative such exceptions.

A majority of the court, of which the writer is not one, are further of the opinion that, in view of the propriety of determining all questions of purely statutory character, fully argued as this one has been, of the public character of the questions here involved, and of the actual course of the argument before this court, the matter of the validity of the statute should be here determined.

The order of the trial court overruling the defendant's demurrer to the complaint herein is accordingly sustained as to the first and third causes of action set forth in that complaint and hereinbefore referred to, and is reversed as to the second of said causes of action.

Order modified.