## MOSES FERGUSON v. BETSY TROVATEN and Another.[1]

November 10, 1911.

Nos. 17,152—(22).

**Sale of land — finding sustained by evidence.**

> The finding of the trial court that an oral agreement for the sale and purchase of land was not made, as claimed by the defendant, is sustained by ample evidence, and the fact so found is decisive of the issues between the parties.

After the former appeal, reported in 94 Minn. 209, 102 N. W. 373, the case was tried before Flaherty, J., who found as a fact that defendant's application to purchase the land was never approved by the land commissioner of the railway company and ordered judgment in favor of plaintiff for the possession of the land and awarded him damages in the sum of $420. From the judgment entered pursuant to the order, defendant appealed. Affirmed.

*F. H. Peterson* and *Wolfe & Schneller,* for appellants.
*Purcell & Divet,* for respondent.

SIMPSON, J.

This is an action to recover from the defendants possession of certain lands, and damages for the wrongful withholding thereof. The Northern Pacific Railroad Company is the source from which both parties claim title. The plaintiff claims under a written executory contract for the purchase of the land, giving the right of immediate possession. The defendants, husband and wife, claim the land and the right to possession thereof under an alleged contract between the

[1] Reported in 133 N. W. 73.

company and the defendant Betsy Trovaten, the payment of the purchase price, entry into possession under the contract, and the making of substantial improvements. The defendant husband, in the negotiations, acted in part for his wife. In discussing their rights and acts, they are referred to hereinafter as the defendant.

The case was before this court on a former appeal. Ferguson v. Trovaten, 94 Minn. 209, 102 N. W. 373. This court then held that the letters and writings of the company and the defendant did not constitute a valid written contract of sale and purchase between the company and the defendant, but further held that evidence offered upon the former trial to prove a claimed oral contract and such part performance as would take the case out of the statute of frauds had been erroneously excluded, and a new trial was directed. Upon the new trial being had, the court, from the evidence received, found as a fact that no oral agreement of sale and purchase was entered into between the company and the defendant, and judgment was entered for the plaintiff, giving him possession of the land and damages in the sum of $420. This sum the parties agreed, upon the trial, should be awarded if the court found the plaintiff entitled to any damages. The defendant appeals from the judgment.

1. The fundamental question raised upon this appeal is: Does the evidence sustain the finding of the trial court that the claimed oral agreement for the sale and purchase of the land was not in fact made? We are of the opinion that the evidence amply sustains the finding.

The details of the transactions concerning this land are very fully set out in the opinion on the former appeal. A very brief statement will suffice here. Plaintiff had for several years prior to 1899 cultivated this land. While the railway company had a legal right to the land, a patent therefor had not then been issued to it. In July, 1899, the defendant had a conversation with the land commissioner of the company concerning the land, and then signed an application to purchase it from the company at a specified price. This application contained a provision that it was subject to the approval of the land commissioner, and, if not approved, the money received thereon would be refunded to the applicant. The defendant, before the

close of the year 1899, sent to the company the specified price of the land. In the spring of 1900 he took possession of the land, excluding the plaintiff therefrom, and thereafter made substantial improvements on the land. In June, 1900, the company land commissioner sent to the defendant the $1,200 received from him, and declined to approve the sale, on the ground that another party claimed to be the original settler and improver of the land. The defendant did not accept the $1,200. Later the company executed the contract for the sale of the land to the plaintiff. These facts appear without material conflict in the evidence.

It is claimed by the defendant, however, and the defendant testified, that in the conversation with the land commissioner of the company a complete oral agreement was made for the sale and purchase of the land, the defendant agreeing to relinquish a contest against the company's right to the land and to pay $1,200 as the purchase price therefor; that the signing by him of the printed and written application for the purchase of the land was for the purpose, merely, of giving the company a record of the sale. The defendant testified that the payment of the $1,200 made by him, and the taking possession by him of the land and making improvements thereon, were under and in performance of the oral agreement with the company for the sale and purchase of the land. The land commissioner of the company testified that no such oral agreement was made; that the defendant, in conversation, had represented that he had settled on and improved the land, and that he had filed a contest thereon; that thereupon he, the commissioner, directed a subordinate to receive the defendant's application for the purchase of the land at a specified price and upon a relinquishment of the contest. The trial judge found that the fact was as testified to by one of the parties to the conversation, and found that no oral agreement was made as claimed by the defendant. Clearly such finding is sustained by this evidence.

2. Counsel for the defendant, in a very elaborate discussion of the facts, calls attention to evidence which he claims supports the testimony of the defendant, and establishes clearly that the oral agreement was made as testified by the defendant. We cannot follow

counsel in a discussion of the details of the evidence, but after a careful examination of the record we are unable to give to the evidence relied upon by defendant the preponderating weight claimed for it. On the contrary, we agree with the learned trial judge that, in view of the conceded course of the transaction and the conduct of the parties, it seems highly improbable that such an agreement was made.

It appears that it was the custom of the railway company, in selling its lands, to give a preference to settlers who had made improvements thereon. The defendant knew this custom, and knew that the plaintiff herein had cultivated the land in question for several years, and had made improvements of some value thereon. When the defendant took up with the land commissioner the matter of the purchase of these lands, the commissioner at that time had no knowledge as to settlements or improvements on the land. He received from the defendant an application to purchase in the usual form used by the company in disposing of its lands. This application reserved to him the right to subsequently approve the sale. Carrying out the established policy of the company, when he discovered that the defendant was not the original settler upon and improver of the land, he declined to approve the sale. The fact that the company had not yet received a patent to the land, and that therefore the land could not be immediately deeded, while it shows an additional reason for not then closing a sale, is not at all inconsistent with the claim that the commissioner reserved his approval of the sale until he had an opportunity to learn whether the defendant was in fact the original settler upon and improver of the lands. It seems highly improbable that the land commissioner, in his office, with an opportunity to make a record of whatever transaction actually took place, should have entered into a complete oral contract for the sale of these lands without any record thereof, and then made a misleading record of an application on the part of the defendant to purchase the land, reserving to the commissioner the right subsequently either to approve or disapprove of the sale.

3. The respective counsel for the parties have at great length discussed the doctrine of the part performance of oral contracts which takes such contracts out of the statute of frauds. The finding hav-

ing properly been made that no oral contract existed in this case, the question of part performance is no longer involved. The same is true of the claim on the part of the defendant that the company and the plaintiff are estopped from questioning the validity of the oral agreement. Under the view of the transaction taken by the trial court, the acts of the defendant relate solely to the application filed by him for the purchase of this land. The company acted in accordance with the terms of that application. The question of an estoppel does not arise.

Nor can we see any force in the claim of the defendant that the plaintiff cannot here assert any infirmity in the defendant's title that the railway company could assert. The plaintiff, as purchaser of the company's title, clearly is entitled to establish the superiority of that title against the claimed title of the defendant as fully as the plaintiff's grantor, the company, might if it had brought the action against defendant.

4. The evidence sustains the finding that the entry upon these lands by the defendant, and his making of improvements thereon, was not in good faith.

5. The defendant assigns several errors in the rulings of the trial court in admitting or excluding evidence. We have examined the rulings complained of, and find no error therein.

Affirmed.