# CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY v. BENSON PRODUCE COMPANY.[1]

September 30, 1921.

No. 22,438.

**Limitation of action — complaint fatally defective.**

A complaint which shows that the time limited by statute for bringing the action had expired before the action was begun, without showing the existence of facts which will avoid the operation of the statute, fails to state a cause of action.

Action in the district court for Swift county to recover $171.50 balance due for freight and demurrage on a carload of potatoes. Judgment by default was entered in favor of plaintiff. From the judgment entered purusant to the order for judgment, defendant appealed. Reversed.

*John I. Davis,* for appellant.

*Hudson & Hudson,* for respondent.

TAYLOR, C.

Defendant appeals from a judgment entered against it by default, and contends that the complaint shows on its face that the alleged cause of action was barred by the statute of limitations.

The action is for a balance of $171.50 claimed to be due for freight and demurrage on a carload of potatoes shipped over plaintiff's railway from Minneapolis, Minnesota, to Chicago, Illinois. It appears from the complaint that on or about May 29, 1913, the potatoes were delivered to the Great Northern Railway Company at Bellingham, Minnesota, to be transported to Minneapolis, and there to be held for further shipping

[1] Reported in 184 N. W. 373.

directions by defendant; that they were duly carried to Minneapolis, where, by defendant's direction, they were delivered to plaintiff to be transported to Chicago; that plaintiff duly carried them to Chicago and duly notified defendant of their arrival at destination and requested defendant to direct what disposition should be made of them; that defendant failed to receive them or give any directions for disposing of them; that plaintiff was obliged to hold them in its possession for ten days or more; that they were of a perishable nature and had become spoiled and in bad condition and of little or no value; that plaintiff was compelled to, and did, sell them after notice to defendant; that, after applying the proceeds of the sale on plaintiff's charges, a balance in the sum of $171.50 remained due plaintiff, and that plaintiff demanded this sum from defendant about May 18, 1918.

The complaint does not give the date on which the potatoes arrived at Chicago, nor the date on which they were sold, but, as they were delivered to the carrier at Bellingham or on about May 29, 1913, and were duly transported from that point to Minneapolis and from Minneapolis to Chicago, and apparently were disposed of in the manner in which perishable freight in bad condition is usually disposed of where the owner, after notice, fails to accept it or to give any directions for disposing of it, we think it sufficiently appears that the sale must have taken place and plaintiff's cause of action must have accrued more than six years before April 7, 1920, the date on which this action was begun.

Plaintiff does not seriously contend to the contrary, but seeks to sustain its judgment on the ground that the complaint does not conclusively show that the cause of action was barred. In support of this contention it cites Trebby v. Simmons, 38 Minn. 508, 38 N. W. 693. This decision, after stating that this court has repeatedly held "that a complaint showing upon its face that the statute had run is demurrable, or may be objected to after judgment, on the ground that it does not state a cause of action," further states that the objection "will not be allowed, unless the complaint conclusively shows that the action is barred," and that it "would be difficult to imagine a case where that fact would 'clearly' or 'conclusively' appear on the face of the complaint, unless it expressly negatived all the exceptions which would prevent the statute from running."

That this last statement was obiter is pointed out in Ferrier v. McCabe, 129 Minn. 342, 152 N. W. 734, in which the prior cases in this state are considered and analyzed, and in which the rule is established that where the complaint clearly shows that "the time allowed by the statute for bringing suit expired before the suit was brought, and nc fact is set forth avoiding the operation of the statute, the complaint is demurrable."

This rule was approved and followed in Riley v. Mankato L. & T. Co. 133 Minn. 289, 158 N. W. 391. Following the rule as explained and defined in the Ferrier case, we hold that plaintiff's complaint fails to state a cause of action, for the reason that it shows on its face that the action was not brought until more than six years had elapsed after the cause of action had accrued and fails to state any facts which will avoid the operation of the statute.

Judgment reversed.