## NELS J. MOE v. OLIVER E. SHAFFER.[1]

October 14, 1921.

No. 22,442.

**Judgment — entry on warrant of attorney.**

1. A judgment is not void for want of service of process, if entered upon a warrant of attorney expressly authorizing its entry without process.

**Fraud waived by new agreement after discovery.**

2. A party to a contract procured by fraud waives the fraud, if, after discovering it, he enters into a new agreement for the discharge of his obligation on different terms. Humphrey v. Sievers, 137 Minn. 373, followed and applied.

**Judgment — defense against judgment of court of record of another state.**

3. The only defenses to an action upon a judgment of a court of record of a sister state, are want of jurisdiction, fraud or payment. The presumption is that the court properly fixed the amount included in the judgment for attorney's fees.

[1]Reported in 184 N. W. 785.

**Limitation of action — bar to cause arising in another state.**

4. If no action could be maintained on a cause of action in the state where it arose because of the bar of the statute of limitations, none can be maintained in the courts of this state, unless plaintiff has been a citizen thereof ever since the cause of action accrued.

**Same — defendant's absence from state must be set up in reply.**

5. When the statute of limitations is pleaded as a defense, if the facts bring the case within any of the exceptions to the statute, they must be set up by reply. Defendant's absence from the state is such an exception.

**Statute of foreign state need not be pleaded in haec verba.**

6. It is not necessary, in pleading a statute of a foreign state, to set it forth in haec verba. It is sufficient if its terms are so pleaded that the court can determine its effect.

**Allegation of nonexistent statute may be stricken.**

7. If in fact a statute which is pleaded is not in effect, that part of the pleading may be stricken as sham.

Action in the district court for Wilkin county to recover $4,988.98 upon a judgment entered in the circuit court of La Salle county, Illinois. The defenses are stated at the beginning of the opinion. Plaintiff's demurrer to parts of the amended answer was sustained, Flaherty, J. From the order sustaining the demurrer, defendant appealed. Reversed.

*Lewis E. Jones,* for appellant.

*George D. Smith,* for respondent.

LEES, C.

November 19, 1910, L. W. Brewer, as trustee in bankruptcy of the estate of the J. E. Edmunds Company, recovered a judgment against the defendant in the circuit court of La Salle county, a court of record of the state of Illinois. The judgment was founded on a promissory note executed by defendant to J. E. Edmunds, containing authority to any attorney of a court of record to appear in such court in term time or vacation and confess judgment without process in favor of the holder of the note for the amount unpaid thereon "with costs and —— dollars

attorney's fees." There was a partial payment of the judgment as the result of an execution issued thereon, and thereafter and in February, 1911, Brewer assigned the judgment to plaintiff who brought an action upon it in the district court of Wilkin county in February, 1920. The defendant answered setting up the following defenses:

(1) That the judgment was void for the reason that he was not served with process and did not appear in the circuit court of La Salle county.

(2) That the note was given in part payment for a stock of goods purchased from Edmunds by the defendant and that in making the sale Edmunds had practiced a fraud upon him in certain respects set out in the answer.

(3) That the judgment as entered included an attorney's fee of $400 which was not authorized by the terms of the warrant of attorney.

(4) That the statutes of Illinois provide that no action can be maintained on any judgment entered by confession or by virtue of a warrant of attorney or power contained in any promissory note after the expiration of seven years from the rendition of the judgment, unless the judgment has been renewed by a writ of scire facias or an original suit instituted thereon within said period of seven years; that said judgment had not been so renewed and was of no force or effect in the state of Illinois after November 18, 1917, and that any right of action thereon became barred by the statute of limitations of said state on said date.

Plaintiff demurred to each of these defenses separately and collectively on the ground that they did not state facts sufficient to constitute a defense and failed when taken separately or as a whole to state any equities in defendant's favor. The demurrer was sustained and defendant appealed.

1. The first defense was not good, for the reason that the warrant of attorney expressly authorized the entry of judgment without process.

2. The second defense was not good for the reason that defendant alleged that, after the note came into Brewer's hands, defendant informed him of the fraud Edmunds had perpetrated upon him, whereupon Brewer agreed that if defendant would assist him in discovering assets which Edmunds was believed to be concealing from his creditors, he, Brewer, would accept a certain sum in full payment of the note. It was

not alleged that defendant had paid the amount agreed upon or assisted Brewer in uncovering Edmund's hidden assets. This brings the case within the rule approved by this court that after discovering the deceit "the party deceived * * * must stand towards the other party at armslength, must comply with the terms of the contract on his part, must not ask favors of the other party or offer to perform the contract on conditions which he has no right to exact and must not make any new agreement or engagement respecting it. If he does so he waives the fraud." Humphrey v. Sievers, 137 Minn. 373, 163 N. W. 737; Tysdal v. Bergh, 142 Minn. 288, 172 N. W. 130.

3. The third defense was not good. It is elementary that the judgment of a court of record of a sister state is entitled to full faith and credit in this state and is not open to collateral attack. The only defenses that can be made to an action upon it in the courts of this state are want of jurisdiction, fraud or payment. Cone v. Hooper, 18 Minn. 476 (531); Alden v. W. J. Dyer & Bros. 92 Minn. 134, 99 N. W. 784; Tillinghast v. U. S. Sav. & Loan Co. 99 Minn. 62, 108 N. W. 472; Gundlach v. Park, 140 Minn. 78, 165 N. W. 969, 167 N. W. 302. The presumption is that the amount for which the judgment was entered was correct. Hersey v. Walsh, 38 Minn. 521, 38 N. W. 613, 8 Am. St. 689. It will be presumed that the court fixed the amount of attorney's fees, since it is not alleged and will not be presumed that the judgment was not entered by the court in term instead of in vacation. Gundlach v. Park, supra.

4. The fourth defense is good if sufficiently pleaded. If no action on the judgment could be maintained in Illinois after November 18, 1917, none could be maintained in this state after that date. G. S. 1913, § 7709; Luce v. Clarke, 49 Minn. 356, 51 N. W. 1162.

There may be a statute in Illinois similar to G. S. 1913, § 7708, whereby the running of the statute of limitations is suspended during the absence of the debtor from the state, but if so it is nowhere set out in the pleadings, and, in any event, would not apply to an action on a judgment. Gaines v. Grunewald, 102 Minn. 245, 113 N. W. 450. Defedant having pleaded the statute of limitations as a defense, if the facts bring the case within any exceptions to the statute in force in Illinois,

they must be set up by reply. Trebby v. Simmons, 38 Minn. 508, 38 N. W. 693; Board of Co. Commrs. of Itasca County v. Miller, 101 Minn. 294, 112 N. W. 276; Ferrier v. McCabe, 129 Minn. 342, 152 N. W. 734; Riley v. Mankato L. & T. Co. 133 Minn. 289, 158 N. W. 391. If absence from the state is an exception it must be so pleaded by the plaintiff. West v. Hennessey, 58 Minn. 133, 59 N. W. 984.

It is urged that in pleading the Illinois statute it should have been set out in full, or at least so much of it as is material to the defense. A statement to that effect is found in Becht v. Harris, 4 Minn. 394 (504). In Hoyt v. McNeil, 13 Minn. 362 (390), it was said that the "terms" of a foreign statute must be set forth so that the court may determine whether the effect claimed for it is legitimate. This was repeated in Myers v. Chicago, St. P. M. & O. Ry. Co. 69 Minn. 476, 72 N. W. 694; 65 Am. St. 579, and is in accordance with the general rule that, in pleading the statute of a foreign state, it is not necessary to set it forth in haec verba, and that it is sufficient to state the substance of those portions of the statute that are relied on. 36 Cyc. 1241. Becht v. Harris, supra. Insofar as it intimates that the rule is otherwise it is disapproved. It is also urged that in J. L. Bieder Co. v. Rose, 138 Minn. 121, 164 N. W. 586, this court had before it the Illinois statute of limitations and expressly held an action on a judgment might be brought at any time within 20 years of the date of its rendition. In that case the judgment was not one by confession, and, if there is a statute such as defendant pleads here, it would not have been applicable.

Finally it is urged that in fact there is no such statute in effect. If this be true, plaintiffs may move to strike this defense from the answer as sham. G. S. 1913, § 7762.

Insofar as the demurrer goes to the defense of the statute of limitations, it should have been overruled, and sustained only as to the other defenses pleaded. The order sustaining it as to all the defenses pleaded must therefore be and it is hereby reversed.