## M. S. TORESDAHL v. ARMOUR & COMPANY.[1]

December 19, 1924.

No. 24,189.

**Performance of contract within reasonable time.**

1. As a general rule, a contract to furnish a specified amount of goods at a specified price, to be shipped and delivered as ordered, constitutes a contract to be performed within a reasonable time.

**Custom of trade to be considered in fixing reasonable time.**

2. What is a reasonable time, for the performance of such a contract, depends upon the intentions of the parties, as evidenced by the circumstances of the particular case. In determining that question, a general custom of the trade may be considered and it was error to exclude evidence of such custom.

Action in the district court of Pipestone county to recover $1,575 for breach of contract. The case was tried before Dean, J., who ordered judgment for $1,728. From an order denying his motion for a new trial, and from the judgment, defendant appealed. Reversed.

*Hansen & Engan,* for appellant.

*Charles Dealy,* for respondent.

QUINN, J.

Plaintiff was engaged in the manufacturing and sale of ice cream at Pipestone. Defendant maintained a distributing station for its products at Sioux Falls, South Dakota. In February, 1922, defendant's salesman called upon plaintiff and obtained from him an order for 100 barrels of sweetened condensed milk of 600 pounds each, at 9 cents per pound, to be shipped from Sioux Falls as ordered. Forty-six barrels were ordered, shipped and paid for, the last shipment being made in August, 1922. No further orders were given or shipments made. In March, 1923, defendant canceled the contract. Milk was then 14½ cents per pound. After demand and

[1] Reported in 201 N. W. 423.

refusal, this action was brought to recover 5½ cents per pound for the milk not delivered. A trial was had before the court, without a jury. Findings were made and judgment ordered in favor of plaintiff. Defendant moved for amended findings, and appealed from the judgment.

The order given for the milk is set forth in the complaint, coupled with allegations reciting the order and delivery of a certain number of barrels; that on March 9, 1923, defendant repudiated the contract, refused to make further deliveries thereunder, to the plaintiff's damage in the sum of $1,575. The answer admitted the order and shipments claimed, but alleged that, as a part of the order, it was understood and expressly agreed between the parties that such order should not be binding upon either party after September 1, 1922, and that, in accordance with a well-established practice among ice-cream manufacturers and distributors of sweetened, condensed milk for ice-cream purposes, all contracts therefor should automatically terminate on the first day of September of the year in which made. The reply was a general denial.

The trial court found that there was no agreement between the parties that the contract should expire on the first day of September or that the parties should be bound only for milk ordered on or before that day.

At the trial defendant offered testimony to the effect that, prior to the first of September, defendant's traveling salesman notified plaintiff to order what milk he wanted prior to that date because the defendant would not ship it thereafter under that contract; that, in August, 1922, the defendant did order a sufficient amount to supply his needs during the winter and even sold a portion thereof to other dealers. The defendant also offered to show the existence of a practice and custom among ice-cream manufacturers and dealers in condensed milk, to the effect that such contracts terminated on September 1 of the year in which given, when not otherwise specified. Upon objection, the court held such testimony to be incompetent and immaterial and excluded the offer. Subsequent to the filing of the order for judgment, defendant asked for a finding upon

this proposition, the motion was denied, and the ruling is assigned as error.

We think the defendant was entitled to a finding upon this question. Findings of fact and conclusions of law should be stated separately. G. S. 1913, § 7815; Pioneer L. & L. Co. v. Bernard, 156 Minn. 422, 195 N. W. 140.

As a general rule, a contract to furnish a specified amount of goods at a specified price, to be shipped and delivered as ordered, will be construed as a contract to be performed within a reasonable time. What is a reasonable time depends upon the intention of the parties, as evidenced by the circumstances of the particular case. In determining such question, a general usage or custom of the trade or business may be considered. The contract set forth in the complaint does not specify any particular time in which delivery should be made, so that performance could not be required by either party after the lapse of a reasonable time. The evidence of custom was admissible to show what was a reasonable time for performance. Johnson Bros. & Co. v. Gilfillan, 8 Minn. 352 (395); McDonald v. Union Hay Co. 143 Minn. 40, 172 N. W. 891.

We are of the opinion, and hold that the evidence of such a custom was competent as bearing upon the question as to what was a reasonable time in which the contract should be performed, and that its exclusion was error for which a new trial should be had.

Reversed.