STEVE FERRANTI & another *vs.* CHARLES G. LEWIS.

Suffolk.    January 9, 28, 1930. — April 16, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Bills and Notes,* Validity. *Agency,* Existence of relation. *Attorney at Law. Judgment. Jurisdiction. Venue.*

A promissory note, otherwise in proper negotiable form, is not rendered invalid or nonnegotiable by a provision therein whereby the maker confers "authority, irrevocably to any attorney-at-law to appear for me in any court, and waive the issue and service of process and confess a judgment against me in favor of the holder hereof."

Judgment for the plaintiff was valid and binding on the defendant in an action by an indorsee of the note above described against the maker, in which an attorney in the employ of a firm of attorneys representing the plaintiff accepted service of process on behalf of the defendant and filed an answer confessing judgment for the amount due on the note without any authority from the defendant other than that contained in the note and without the defendant's having had notice of the pendency of the action until after the issuance of execution.

The action above described was brought by trustee process in the Municipal Court of the city of Boston. The writ recited that the plaintiff had a usual place of business in Boston; that the defendant was of Braintree; and that the trustee was "a banking corporation organized under the laws of this Commonwealth." The usual place of business of the trustee was not set forth. No service was made upon the trustee. It *was stated* that, in the circumstances, the court had jurisdiction to enter the judgment notwithstanding the circumstance that the venue was improper.

PETITION, filed in the Municipal Court of the city of Boston on December 29, 1928, to vacate a judgment rendered against the petitioners in an action upon the promissory note described in the opinion.

The petition was denied in the Municipal Court. Upon

appeal to the Superior Court, it was heard by *Greenhalge*, J., upon an agreed statement of facts, material portions of which appear in the opinion. The judge ordered the petition denied as a matter of law. The petitioners appealed.

*A. Keller*, for the petitioners.

*W. B. Leach*, for the respondent, submitted a brief.

CARROLL, J. This is a petition to vacate a judgment rendered in the Municipal Court of the City of Boston. It appear from the statement of agreed facts that the petitioners on June 11, 1926, gave to the Norfolk County Motors, Corp. or order a note for $1,384, promising to pay the amount in monthly instalments of $92.97 each, "the first payable one month after date." It was stated in the note: "And if allowed by law 15 per cent of the principal and interest of this note as attorney's fees, if placed in the hands of an attorney for collection, and authority, irrevocably to any attorney-at-law to appear for me in any court, and waive the issue and service of process and confess a judgment against me in favor of the holder hereof." The instrument came by indorsement to Lewis who was the plaintiff. No payments were made after December 16, 1926.

On February 18, 1928, the action, in which judgment is sought to be vacated, was commenced by a writ returnable to the Municipal Court of the City of Boston. Service was accepted thereon by W. Barton Leach, Jr., an attorney at law admitted to practice in the courts of the Commonwealth, hereafter called the attorney. He filed an answer on behalf of the petitioners, the defendants in the original action, confessing judgment in the amount declared on. The agreement was signed by the attorney on behalf of the petitioners and by Warner, Stackpole and Bradlee on behalf of Lewis, the present respondent. The attorney was in the employ of Warner, Stackpole and Bradlee. He had no authority to act for the petitioners except so far as authority was given by the instrument signed by the petitioners. They had no actual notice of the pendency of the action of contract until execution had been issued. The original action was begun by trustee process. The writ recited that the defendants

were both of Braintree, that the plaintiff has a usual place of business in Boston, the Old Colony Trust Company, "a banking corporation organized under the laws of this Commonwealth," being named as trustee, without describing the trustee as having a usual place of business in Boston. "The trustee in this action was not served." The main contention of the petitioner is that the provision in the instrument authorizing any attorney to appear in court for the maker and confess judgment for such an amount as may appear to be unpaid after maturity and "waive the issue and service of process" is invalid and gave no authority to the attorney to confess judgment. In *Richards* v. *Barlow*, 140 Mass. 218, the note in suit, set out in count one, authorized any attorney of any court of record "at any time hereafter" to appear and confess judgment for the holder. In that case the note was declared to be not negotiable because the power of attorney, as the court said at page 220, "on the face of the note authorizes a confession of judgment 'at any time hereafter,' and we must construe these words as meaning at any time after the date." In this respect the Richards case followed *Mahoney* v. *Fitzpatrick*, 133 Mass. 151, which case decided that a note payable at a future day certain or earlier at the option of the holder is not negotiable. It was not decided in the Richard's case that a stipulation in a note giving power to an attorney at law to confess judgment against the maker in favor of the holder of the note was invalid or made the note nonnegotiable. *Van Norman* v. *Gordon*, 172 Mass. 576, was an action on a judgment recovered in the State of Wisconsin on a note containing a warrant of attorney to confess judgment; full faith and credit were given to the judgment. In that case, at page 579, in speaking of the jurisdiction of the court to enter judgment pursuant to a warrant of attorney, it was said, "such proceedings are well known at common law and in many States"; a number of decisions from other States are cited in the opinion upholding the validity of this power to confess judgment.

There is legislative sanction for such authority to confess judgment. G. L. c. 107, § 27, provides that "the negotiable character of an instrument otherwise negotiable is not

affected by a provision which . . . authorizes a confession of judgment if the instrument is not paid at maturity." While cases are to be found which hold that a note giving authority to confess judgment under a warrant of attorney is illegal, *Egley* v. *T. B. Bennett & Co.* 196 Ind. 50, 58, *Farquhar & Co.* v. *Dehaven,* 70 W. Va. 738, *Mason* v. *Ward,* 80 Vt. 290, 292, see *First National Bank* v. *White,* 220 Mo. 717, 728, 738, the current of authority favors the validity of a negotiable instrument authorizing such a confession of judgment. *International Harvester Co.* v. *Neuhauser,* 128 Md. 173. *Shelmerdine* v. *Lippincott,* 69 N. J. L. 82. *Saunders* v. *Lipscomb,* 90 Va. 647. *O'Maley* v. *Pugliese,* 272 Penn. St. 356, 358. *Levin* v. *Wenof,* 7 N. J. Misc. 603. See *Teel* v. *Yost,* 128 N. Y. 387; *Cross* v. *Moffat,* 11 Col. 210; *Moe* v. *Shaffer,* 150 Minn. 114. The negotiable instruments law was enacted in order to make uniform throughout the United States the law of negotiable instruments. We are of opinion that the note in question was good in law, that the attorney could confess judgment under the warrant of attorney, that the judgment was valid and binding on the makers of the note. *Desseau* v. *Holmes,* 187 Mass. 486, is not in conflict. That case decided that a contract by a purchaser under a conditional sale agreement, waiving any right to demand an itemized account and waiving his statutory rights in regard to redemption and sale, was void. The legality of a note such as the one here involved was not considered. The statement in G. L. c. 107, § 27, that "nothing in this section shall validate any provision or stipulation otherwise illegal" does not show a legislative intent to invalidate a judgment note such as the one we are considering. See Crawford, Negotiable Instruments Law (4th ed.) 26; Ogden, Negotiable Instruments (2d ed.) 57.

The stipulation in the instrument waiving the issue and service of process does not destroy the validity of the note. It is said in 3 Blackstone, Commentaries, 397, that "it is very usual . . . to execute a warrant of attorney to some attorney named by the creditor, empowering him to confess a judgment . . . which judgment, when confessed, is absolutely complete and binding." "How or when this

peculiar security for a debt, authorizing a creditor as it were, *per saltum,* to sign a judgment and issue execution, without even issuing a writ, . . . was first invented does not appear, but it has now become one of the most usual collateral securities on loans of money, or contracts to pay an annuity, and for debts." 2 Chitty, Gen. Prac. 334. 3 Chitty, Gen. Prac. 669. Tidd's Prac. 545 to 556. *Moe* v. *Shaffer, supra. Hazel* v. *Jacobs,* 78 N. J. L. 459. *H. S. Burr & Co.* v. *Frank Mathers & Co.* 51 Mo. App. 470. *Varnum* v. *Runion, Pharis & Bond,* 1 McLean, 413. *Cross* v. *Moffat, supra.* See 34 C. J. 103, for a collection of authorities. The note, in our opinion, authorized the confession of judgment, and waived process; it was a valid negotiable note.

The petitioners contend that the Municipal Court of the City of Boston had no jurisdiction. G. L. c. 218, § 54. G. L. c. 223, § 2. The petitioners in their petition do not seek relief on this ground; they contend that the judgment should be vacated because no one was authorized to act for them and confess judgment. Because the action was in the wrong venue the court was not without jurisdiction under the warrant of attorney. The attorney consented to judgment, the court had jurisdiction, and the judgment cannot be vacated. *Paige* v. *Sinclair,* 237 Mass. 482, 485. No contention is made as to the amount of the judgment or that the attorney under the power exceeded his authority in confessing judgment in the sum of $1,083.65, that being the correct amount due on the note.

*Order denying the petition to vacate the judgment affirmed.*