GEORGE WIEBKE AND ANOTHER v. CARL L. ERICKSON AND ANOTHER.[1]

May 19, 1933.

No. 29,104.

[1]Reported in 248 N. W. 702.

*L. L. Duxbury* and *L. L. Roerkohl,* for appellants.
*Jensine M. Miller,* for respondents.

*OLSEN, Justice.*

Plaintiffs appeal from an order denying their alternative motion for judgment or a new trial after verdict in favor of defendants. The action was brought to recover on three promissory notes. The defense interposed was that the claimed indebtedness and the notes sued upon were obtained by plaintiffs by fraud and fraudulent representations.

The assignments of error are that the court erred in denying plaintiffs' motion for a directed verdict in their favor, in denying their motion for judgment notwithstanding the verdict, and in denying their motion for a new trial.

The first point raised and urged is that the evidence is insufficient to sustain the jury's finding of fraud and insufficient to justify the court in submitting the issue of fraud to the jury. As will later be noted, the evidence on this question relates to a series of transactions extending over a period of years. We do not attempt to set out this evidence, which extends over more than 100

pages of the settled case. We agree with the trial court that there was evidence to go to the jury on the question of fraud and sufficient to sustain the verdict on that issue.

■ The next and, as we view it, the most important question presented by the appeal is whether the evidence justified the court in submitting to the jury the issue of whether the defendants had, prior to the time the notes in question were given, such knowledge of the fraud, the falsity of the representations made, as to have waived the fraud and ratified the transactions by accepting extensions of time and allowance of interest deductions and renewing notes for the claimed indebtedness, and whether the verdict of the jury that there was no such waiver or ratification is sustained by the evidence. This question requires a brief outline of relevant evidentiary facts.

Plaintiffs, as partners, were engaged in the business of growing ginseng plants and seed. Dried ginseng roots are an article of commerce and until comparatively recent times had great market value. Plaintiffs had produced and sold some such roots at high prices prior to 1918. At that time, or prior thereto, they commenced to sell ginseng plants and seed to farmers locally and to interest a number of farmers in growing ginseng. Defendant Carl L. Erickson is a farmer in Houston county. He knew nothing about ginseng or growing it. By representations, rosy promises of . profit, and high pressure salesmanship, as testified to by defendants, plaintiff George Wiebke induced Erickson to purchase ginseng plants and seeds from plaintiffs. The first purchase was made in 1918, and additional purchases were made in 1920, 1921, 1922, 1923, and 1924. Each time a purchase was made defendants gave their promissory note or notes for the purchase price. The purchase made in 1918 was paid for. The notes for the subsequent purchases were renewed a number of times, and the notes in suit are the last renewals thereof, made in 1928 and May, 1929. Many of the representations, testified to by Carl Erickson as being made by George Wiebke, were trade or sales talk. But said defendant did testify that repeatedly and each time a purchase was made said

plaintiff represented that the plants and seed purchased were good, sound plants and seed and would grow and produce roots and seed. It appears that as early as the summer of 1923 the defendant Carl Erickson noticed that the plants, except the plants and seed purchased in 1918, did not grow as well as expected, and the seeds planted did not come up and grow as expected. Plaintiff George Wiebke had inspected and approved the ground for the planting and had superintended and done most of the planting. He gave instructions as to the planting and care of the plants, which instructions Erickson testified he followed. Wiebke's attention was repeatedly called to the condition of the plants, the failure of the plants to grow as expected, and failure of the seed to come up and produce plants. He gave various excuses for the conditions, such as injury by mice, by rain, by soil conditions, and other causes, but continued his assertions that the plants purchased were good and sound and would grow and that the seeds would grow even after being in the ground some two or three years or seasons. He assured defendants that everything was all right and that plaintiffs would replace any plants and seed that did not grow. They did replace plants and seed. These representations continued until after the last renewals of the notes. The plants and seed furnished in and after 1920 failed to grow. The plants dried up. The claim and contention of defendants is that the plants and seed when furnished were infected by disease and that this caused the failure; that plaintiffs never informed them as to such disease, but continually represented that the plants and seed were sound and would grow; and that defendants did not discover or know of this disease until after the last renewal of the notes.

The applicable rule of law is well settled. If at the time the notes in suit were given the defendants knew or should have known that the representations made as to the plants and seed purchased being good and sound were false, and that such plants and seed were at the time of purchase infected with a disease, which caused their failure to grow, then defendants waived the fraud and are estopped from now asserting it. Humphrey v. Sievers, 137 Minn.

373, 163 N. W. 737; Tysdal v. Bergh, 142 Minn. 288, 172 N. W. 130; Moe v. Shaffer, 150 Minn. 114, 184 N. W. 785, 18 A. L. R. 1194; Farmers State Bank v. Miller, 168 Minn. 199, 209 N. W. 869.

We conclude that the question of waiver was here a jury question and that the evidence sustains the finding of the jury that there was no waiver or estoppel. Defendants testified that they had no knowledge of the disease or of the falsity of these representations until after the last renewal of the notes. The conduct and continued representations and promises of the plaintiff George Wiebke, as testified to by defendants, were such as to mislead and lull the defendants into the belief that the roots and seed were good and sound when purchased.

■ Plaintiffs presented in evidence two instruments, dated May 15, 1928, and May 27, 1929, purporting to be signed by both defendants. The two instruments were prepared and presented by George Wiebke. The instrument dated May 15, 1928, starts out as a receipt for replacement in full of orders theretofore given for ginseng seed and plants. It ends up as a release and settlement of all claims against plaintiffs. The instrument dated May 27, 1929, is in the same form, except that it further contains a receipt for $377.08 as discount of interest. The defendant Carl Erickson testified that these instruments were presented to him by George Wiebke and that he represented them to be receipts for replacements and for the interest deduction, which he stated he had to have to show to his brother, William Wiebke; that the instruments were neither read by him nor read to him, and that he signed them relying upon the statement made by George Wiebke and believing the instruments were only receipts. The court submitted to the jury the question of whether these instruments were obtained by deceit and misrepresentations, and the verdict of the jury is a finding that they were so obtained. The jury could have found that they were valid releases. We cannot say that the finding of the jury on this question, approved by the trial court, is not sufficiently sustained by the evidence. Defendant Sophie Erickson testified that she did not sign the releases, and the court submitted the question of her signature to the jury.

█ It is urged that the evidence leaves it a matter of speculation as to whether the infectious plant disease which caused the failure of the plant and seed growth came from infected plants and seed furnished by plaintiffs or from some other source. Taking into consideration all the facts and circumstances shown by the evidence, there was sufficient evidence to sustain the verdict on that point.

It may be noted that the plaintiff William Wiebke took no part personally in the transactions and negotiations by his brother with these defendants.

There were no exceptions taken to the charge of the court, which clearly submitted the questions of fact to the jury, and no errors in that respect are claimed.

The order appealed from is affirmed.

[1]Reported in 248 N. W. 704.