GEORGE WIEBKE AND ANOTHER v. CHARLES A. MANN.[1]

May 19, 1933.

No. 29,065.

*Jensine Miller* and *F. E. Withrow*, for appellant.

*L. L. Duxbury* and *L. L. Roerkohl*, for respondents.

[1]Reported in 248 N. W. 704.

*PER CURIAM.*

This is a companion case to one by the same plaintiffs against Carl L. Erickson and Sophie Erickson, 189 Minn. 102, 248 N. W. 702. The present case was tried just before the trial of the Erickson case. At the close of the evidence for defendant and before presenting any evidence in rebuttal, plaintiffs were permitted to rest for the purpose of moving for a directed verdict. Such motion was then made and granted, and the court directed the jury to return a verdict in favor of plaintiffs. Thereafter defendant moved for a new trial on the ground that the court erred in directing the verdict and on other grounds. From the order denying such motion this appeal was taken.

This action is to recover on three promissory renewal notes arising out of a series of sales of ginseng plants and seed to this defendant, very similar to the transactions in the Erickson case. The defenses interposed are the same as in that case. The court, as shown by its memorandum, held that it conclusively appeared from defendant's evidence that when he signed the renewal notes he must have already discovered and known the falsity of the representations made by plaintiffs in making the sales. In its memorandum in the Erickson case, the court refers to the present case and expresses the opinion that the evidence in that case on the question of waiver of the fraud was so much different from what it was in this case as to make it there a jury question; while in this case such evidence was conclusive that there was such waiver and was insufficient to make it a jury question.

The evidence on that question in the present case does in some small degree vary from the evidence in the Erickson case. In one respect the evidence in the present case may be said to be stronger than in the Erickson case for the reason that in this case plaintiffs presented no rebuttal evidence. The evidence on this question in both cases has been examined. We do not find it so different in the two cases as to make the question of waiver one for the court in this case and for the jury in the Erickson case. Having held in that case that the question was one of fact for the jury, it should be so held in this case on the evidence here presented.

Other questions in the case we leave for determination on a new trial, without opinion or discussion on this appeal.

The order appealed from is reversed and a new trial granted.