# A. E. PARSONS v. TOWN OF NEW CANADA AND OTHERS. COUNTY OF RAMSEY, RESPONDENT.[1]

January 3, 1941.

No. 32,556.

*Humphrey Barton* and *A. E. Parsons*, for appellant.

*James F. Lynch*, County Attorney, and *Andrew R. Bratter*, Assistant County Attorney, for respondent County of Ramsey.

GALLAGHER, CHIEF JUSTICE.

The material allegations in the complaint are:

That in September, 1920, plaintiff purchased a lot 50 feet wide and 140 feet long facing Lake Phalen in the town of New Canada, Ramsey county; that said lot at the front abutted upon Phalen Boulevard, a street 60 feet wide, and at the rear upon Phalen Place, a street 40 feet wide; that plaintiff bought said lot for the purpose of making it residential property and improving it; that after he began such improvements the county of Ramsey proceeded to condemn the front 40 feet thereof for public use; that a dispute arose between plaintiff and the county as to the amount of

[1]Reported in 295 N. W. 907.

damages to be awarded for the taking of said 40 feet, and in settlement of such dispute the county agreed to pay to plaintiff $497.50 in cash, to procure the vacation of the street at the rear of the property, and give to plaintiff a 20-foot strip thereof adjacent to his lot; that relying upon said agreement plaintiff accepted the cash payment and proceeded to improve said property, including the 20-foot strip, by erecting a garage and other buildings thereon; that in the year 1922 plaintiff moved onto said property and has continuously resided thereon ever since; that he has repeatedly demanded that the county of Ramsey perform its part of the agreement by securing to plaintiff said 20-foot strip of land and that it has failed and neglected to do so; that in 1938 defendant town of New Canada and its officers wrongfully and unlawfully took possession of said 20-foot strip and moved plaintiff's garage therefrom and otherwise changed the use and topography of the ground. Plaintiff asks damages against the county for breach of its agreement and against the town and its officers for trespass.

Defendants separately demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The trial court sustained the demurrer of the defendant county of Ramsey and overruled the demurrer of the other defendants. This appeal is from the order sustaining the demurrer of the county.

If it clearly appears from the complaint that the alleged cause of action is barred by the statute of limitations, that disposes of the appeal. Ordinarily, the defense of the statute of limitations is an affirmative one that should be specially pleaded. Trebby v. Simmons, 38 Minn. 508, 38 N. W. 693; Schmitt v. Hager, 88 Minn. 413, 417, 93 N. W. 110; Board of Co. Commrs. v. Miller, 101 Minn. 294, 112 N. W. 276. However, where the facts pleaded show that the claim is barred by the statute of limitations and no facts are pleaded to forestall its operation, the complaint is demurrable as failing to state a cause of action. Ferrier v. McCabe, 129 Minn.

342, 152 N. W. 734; C. B. & Q. R. Co. v. Benson Produce Co. 150 Minn. 78, 184 N. W. 373.

Plaintiff's cause of action is based upon a breach of contract. The contract is alleged to have been made in 1922. It has never been performed, although, as plaintiff pleads, he has repeatedly demanded of the county and its officers that it be performed. The period of limitation on a contract is six years. 2 Mason Minn. St. 1927, § 9191(1). More than 16 years expired before the town ousted plaintiff from the involved strip of land. In the meantime he took no steps to enforce his claimed rights.

In the absence of an agreement as to time of performance, the law requires that a contract be performed within a reasonable time. Everett v. O'Leary, 90 Minn. 154, 95 N. W. 901; Toresdahl v. Armour & Co. 161 Minn. 266, 201 N. W. 423; Henry v. Hutchins, 146 Minn. 381, 178 N. W. 807; 2 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 1785.

Plaintiff contends that he was rightfully in possession under claim of title and that no cause of action accrued in his favor until his possession was disturbed in 1938. We find no merit in that claim. He did not acquire any title from the county as it had no title to convey. The county could not even vacate the street. 2 Mason Minn. St. 1927, § 8244. Very similar to the factual setup here is the case of Trovaten v. N. P. Ry. Co. 125 Minn. 88, 145 N. W. 799, where the railway company agreed to convey certain land to Trovaten as soon as it procured title from the government. Trovaten entered and made improvements. The company later deeded to one Ferguson, who subsequently evicted Trovaten. Ferguson v. Trovaten, 94 Minn. 209, 102 N. W. 373; Id. 116 Minn. 19, 133 N. W. 73. The court held that the cause of action accrued when the railway company conveyed to another in violation of its contract to convey to Trovaten and that the statute commenced to run from that date.

In the present case, if plaintiff had a cause of action against the county, he was required to commence it within six years after the county's breach. This breach was nonperformance within a

reasonable time after the contract date. What was a reasonable time we need not decide. Suffice it to say that on the facts pleaded plaintiff did not assert his rights within six years after the expiration of a reasonable time.

The order sustaining the county's demurrer must be affirmed.