Rollins, J.
This is an action of contract in which the plaintiff seeks to recover on a judgment entered August 28, 1946 in the Municipal Court of Chicago, Illinois.
The defendant filed an answer in which he denied that the Court in Chicago ever had or acquired jurisdiction of the person or property of the defendant and alleged that if the judgment was obtained it was obtained in pursuance of a stipulation void by the laws of this Commonwealth.
The evidence tended to show the following facts:
In May, 1946 the defendant went to Chicago to attend the funeral of his uncle Joseph B. Holmes. On May 28, 1946, the day before the funeral, and while in Chicago, the defendant executed and delivered to the plaintiff a written instrument which was introduced in evidence, and a complete copy of which is annexed to the Report and marked *63 “A”. In this document the defendant directed the plaintiff to furnish articles and equipment and conduct the funeral. He promised to pay therefor, on or before June 15, 1946, the amount shown as “Total Charges.” Document “A” also contained the following:
“I . . . authorize irrevocably, any attorney of any court of record to appear for me ... in any court ... at any time hereafter and confess a judgment against me . . . without process, in favor of the holder of this obligation for such amount as may appear to be unpaid thereon . . . .”
A second document purporting to be a record of judgment was introduced in evidence. A complete copy of it is annexed to the Report and is marked “B”. Document “B” is entitled “Confession of Judgment.” It contained a statement by the plaintiff of the amounts which he claims are owed him by the defendant which total $811.02. It also contains a “Cognovit” the material parts of which are as follows:
“The defendant by his attorney, waives service of process and confesses judgment in favor of the plaintiff and against the defendant for . . . $811.02 and costs .... Charles S. Bergh
Attorney for the defendant.”
Below the “Cognovit” is an order of the Judge of the Chicago Court directing judgment to be entered for $811.02 and costs.
The defendant has at all times been a resident of Massachusetts and was in Illinois on the occasion of his execution of document “A” for the purpose of attending the funeral of his uncle. He received no notice of the commencement of an action against him in Illinois, no notice of the appearance of Charles S. Bergh for him in the above *64 action, no notice of the finding against him and no notice of the judgment, prior to the commencement of this action.
The defendant duly filed twelve requests for rulings of law. The Court allowed five and denied the other seven.
The trial Court made special findings of fact, which so far as not already recited, are as follows:
“There was a payment made by the Veteran’s Administration of $150 to be applied for the said burial •services .... The said Court is a court of record and there was an authorized appearance by an attorney for the defendant.”
The Court found for the plaintiff in the sum of $661.02.
The defendant claiming to be aggrieved by the denial of his requests and the refusal of the Court to apply Bequest Number 12' (mistakenly stated in the Beport as Number 11), the case is reported to this Appellate Division for determination.
The cases of Van Norman v. Gordon, 172 Mass. 576 (1899) and Ferranti v. Lewis, 271 Mass. 186 (1930), are decisive of the instant case and the finding for the plaintiff must stand unless some facts of the present case distinguish it from those decisions or unless, since those decisions were handed down, some statute has been enacted in this State rendering those decisions no longer in effect.
The defendant contends there are such facts, and there is such a statute, and makes the following claims:
(1) There was no power in Bergh (the person who confessed judgment) to make the confession since document “A” authorized him to confess judgment only “for such amount as may appear to be unpaid thereon” and the only promise was to pay “the amount shown as total charges, ’ ’ and no amount is shown after these words.
*65 This contention is without merit. It is true that there are no figures in the column after the words 1 ‘ Total Charges” but in this column shortly above the words are the figures $698.95 which is the total of the detailed charges and is very evidently the “Total Charges.” Further, document “A” shows the defendant promised to pay the “Total Charges” “in the following manner . . . (b) $698.95 on or before June 15,1948.”
(2) There was no power in Bergh to confess judgment because document “A” authorizes only “any attorney of any court of record” to confess judgment and there is no evidence that Bergh was such an attorney.
Document “B”, the record of judgment in the Chicago Court, shows that Bergh signed the confession of judgment as “Attorney for the defendant” and that the Chicago judge, who had document “A” before him, ordered judgment for the plaintiff on the confession. To do this he must have found that Bergh was an attorney of a court of record. The trial judge in this Commonwealth expressly found that “Bergh under authority of such instrument (document “A”) appeared for and confessed judgment against the defendant in the Municipal Court of Chicago.” We cannot say the trial judge was clearly wrong. Every presumption is to be made in favor of the regularity of the proceedings in the Chicago Court. Moreover the defendant offered no evidence tending to show Bergh was not an attorney of record. Van Norman v. Gordon, supra, at p. 579; Makorios v. Greene Co., 256 Mass. 598.
(3) ' Even though the plaintiff might have recovered in this case prior to 1931 under the. authority of Van Norman v. Gordon and Ferranti v. Lewis, supra, both of which were decided prior to 1931, he cannot now recover because of the provisions of G. L. C. 231 § 13 A which was enacted in 1931.
*66 The pertinent portions of this- statute are:
“Any judgment entered in an action upon a contract, promissory note ... in which ... is contained a stipulation whereby the defendant in such action waived .. . the service of process . . . shall be set aside and annulled on motion of the defendant, unless it appears that service in the usual manner was had upon him or . . .. Any stipulation in a contract, . promissory note, . . . whereby a party thereto agrees to confess judgment in any action which may be brought thereon or authorizes . . . another person to confess judgment as aforesaid shall be void and any judgment by confession taken in pursuance of such a stipulation shall be set aside and annulled on motion of the defendant. Upon the setting aside and annulling of any judgment under authority hereof, all outstanding executions issued thereon shall be stayed or superseded without security.”
We believe the operation of this statute is confined to actions originally brought in Massachusetts and does not apply to actions such as the present, brought upon a judgment secured in another state.
The wording and provisions of this statute cause us so to find.
This statute, § 13A, is an amendment to, and now a part of, G. L. C. 213, commonly known as the Practice Act, of Massachusetts Practice Act. It is evident that its provisions can be, and were intended to be, carried out only in the courts of this State.
It is unnecessary to discuss in detail the defendant’s re- . quests for rulings which were denied.
We find no prejudicial error. The order must be Report dismissed.