## AGNES RILEY v. MANKATO LOAN & TRUST COMPANY.[1]

### June 16, 1916.

### Nos. 19,840—(198).

**Limitation of action — part payment to defeat statute — burden of proof.**

1. Where a note shows on its face that it is more than six years past due, if the holder relies upon part payment to avoid the bar of the statute of limitations, the burden is upon him to prove it. When indorsement of payment purporting to have been made within six years appears on the note, it is error to charge the jury that the burden is

[1] Reported in 158 N. W. 391.

133 M.—19.

on the defendant to prove that the payment was not made at the date of the indorsement.

**Promissory note — indorsement of part payment — burden of proof.**

2. Under G. S. 1913, § 8449, which provides that an indorsement of money received on a promissory note, which appears to have been made when it was against the interest of the holder to make it, is *prima facie* evidence of the facts therein stated, the rule is that, to make the statute applicable, the burden is on the holder to prove by evidence *dehors* the indorsement that it was made at a time when it was against the interest of the holder to make it.

Action in the district court for Blue Earth county, against the representative of the estate of Bridget Riley, deceased, to recover $791.80 upon a promissory note. In its answer defendant alleged that it appeared upon the face of the note that more than six years had elapsed since the note fell due and pleaded the statute of limitations, and also alleged that the note was fully paid. The case was tried before Comstock, J., and a jury which returned a verdict for the amount demanded. From an order denying its motion for a new trial, defendant appealed. Reversed and new trial granted.

*Lorin Cray* and *C. O. Dailey,* for appellant.

*Thomas Hughes* and *C. S. Strom,* for respondent.

HALLAM, J.

In 1893 Patrick Riley and August Zempel were partners. They owed D. M. Osborne & Company $600, which they were unable to pay. They gave a note for the amount, dated January 3, 1893, due in one year, signed by Bridget Riley, Patrick's mother, John Riley, a brother of Patrick and husband of plaintiff, and also by others. Through several mesne indorsements plaintiff became the indorsee of the note and is vested with the legal title to it. The family of Zempel paid half the note. In 1912 Bridget Riley died, and on June 29, 1914, plaintiff presented the unpaid half of this note as a claim against her estate. The note was more than 20 years past due. Plaintiff claims that three payments were made, one of $20 December 5, 1899, one of $10 August 12, 1905, and one of $15 June 14, 1910. The probate court disallowed the claim. On appeal, the district court, after jury trial, allowed it. Defendant appeals to this court.

1. The note was clearly outlawed, unless the payments claimed by plaintiff were in fact made. Indorsement of these payments appears on the note. Defendant disputes these payments and denies that the indorsements were made at the dates they bear. The court instructed the jury as follows:

"The indorsement upon the note purports to acknowledge a payment of $20, I believe, at the time in question, and the burden of proof is upon the defendant to show by a fair preponderance of all the evidence in the case that such payment was not made at such time, or, if it was made, was not made with the intention on the part of Bridget Riley to renew and revive the debt as a promise on her part to acknowledge the same and to pay the indebtedness."

Though this instruction was directed to the first indorsement, it was applicable to all. The instruction was erroneous. The statute of limitations is matter of defense, yet the law is that, where a complaint shows on its face that the time allowed by the statute for bringing suit upon the cause of action alleged has expired, the complaint is demurrable. If facts exist that prevent the statute from running, plaintiff must plead them. Ferrier v. McCabe, 129 Minn. 342, 344, 152 N. W. 734. It should follow as a result that, whenever it appears from the evidence that the time limit has run, the plaintiff, if he would avoid the bar of the statute, must prove the facts that avoid the bar, and such we understand is the law. It is not very material whether we say that in such a case the burden shifts, or that the evidence produced is sufficient to make out a *prima facie* case. What is meant is that a point is reached where the defendant prevails, unless the plaintiff assumes the burden of going forward with his evidence. Tyner v. Varien, 97 Minn. 181, 184, 106 N. W. 898. It was incumbent on plaintiff to prove the alleged part payments relied on by her, to avoid the bar of the statute of limitations, and it was not incumbent on the defendant to disprove them.

2. The note bears indorsement of payments purporting to have been made on the dates stated. Plaintiff cites a statute which provides that "an indorsement of money received, on any promissory note, which appears to have been made when it was against the interest of the holder to make it, is *prima facie* evidence of the facts therein stated" (G. S. 1913, § 8449), and contends that under the statute the instruction was proper.

Perhaps it would be, if the fact could be assumed that this payment was indorsed at a time when it was against the interest of the holder of the note to indorse it, but this is controverted, and the rule is that, to make the statute applicable, it must appear that the indorsement was made when it was against the interest of the holder to make it, by evidence in addition to the indorsement itself, that is, the plaintiff must make this appear by evidence *dehors* the indorsement. Young v. Perkins, 29 Minn. 173, 12 N. W. 515.

The question whether these partial payments were made was a pivotal question in the case. The point was sharply contested. The erroneous instruction must have been prejudicial.

The other assignments of error need no consideration here. They involve mostly questions of the sufficiency of the evidence. In view of a new trial this much may, however, be said: Plaintiff is the owner of the legal title to the note. If the primary obligation to pay the note was assumed by John Riley, there can be no recovery, unless it was purchased by plaintiff for a valuable consideration paid by her. If Bridget Riley assumed the primary obligation, there can be recovery for the full amount, if the statute of limitations has not run. If neither assumed the primary obligation, then, if plaintiff is a mere agent of John Riley, she is entitled to contribution, but, if she purchased for a valuable consideration paid by her, she may recover the full amount.

Order reversed and new trial granted.