## M. W. CONVERSE v. JOHN B. GLENN.[1]

### February 20, 1925.

### No. 24,485.

**When instruction becomes law of the case.**

Where no exception to an instruction to the jury was taken at the trial or in notice of motion for new trial, it becomes the law of the case and cannot be questioned for first time on appeal. [Reporter.]

Action in the district court for Renville county to recover $250. The case was tried before Qvale, J., and a jury which returned a verdict for $463.70. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Lindquist & Nordstrom,* for appellant.

*Freeman & Smith,* for respondent.

PER CURIAM.

Action on a promissory note, dated September 6, 1913, and made payable on demand. Plaintiff obtained a verdict and defendant appeals from an order denying his blended motion for judgment or a new trial.

The action was commenced on April 28, 1922, and the statute of limitations was pleaded as a defense. When the note was executed and at the time of the commencement of the action, the parties resided at Olivia in this

[1]Reported in 202 N. W. 732.

state. On or about May 10, 1914, defendant left the state and did not return until December 26, 1916.

The court charged the jury that no evidence of a demand of payment had been introduced, and then added:

"It is the theory of both attorneys, and as the case has been tried, that this note was due within a reasonable time after it was given, and it is the law also that a note payable on demand would be due a reasonable time thereafter whether demand was made or not."

No exception to this was taken at the trial or in the notice of motion for a new trial. The instruction became the law of the case and defendant cannot question it for the first time in this court. In saying this we do not mean to intimate that the instruction was not a correct statement of the law.

Under the circumstances it was for the jury to determine whether defendant's absence from the state was temporary or of such a character as to show conclusively an intent to establish a new domicile. For that reason there was no error in denying his motion for a directed verdict.

Order affirmed.