### DONALD MacINTYRE v. HUGH E. ALBERS.[1]

October 19, 1928.

No. 26,891.

**Defendant entitled to directed verdict.**

1. Where in an action upon a promissory note the statute of limitations has been pleaded as a defense and it appears from the plaintiff's case that the action is barred, the defendant is entitled to a directed verdict.

**On motion for directed verdict judge disregards evidence not then before jury in the box.**

2. In passing upon such a motion, the judge cannot take judicial notice of the evidence at an earlier trial which has not been offered and is not before the jury at the time being.

Evidence, 23 C. J. § 1918 p. 110 n. 15.
Limitations of Actions, 37 C. J. § 790 p. 1257 n. 99.

Plaintiff appealed from a judgment of the district court for Rice county, Senn, J. Affirmed.

*Charles R. Pye,* for appellant.

*Childress & Caswell,* for respondent.

[1]Reported in 221 N. W. 526.

STONE, J.

Action upon a promissory note wherein a verdict was directed for defendant. Plaintiff appeals from the judgment.

1. The statute of limitations was pleaded as a defense. Plaintiff introduced in evidence the note sued upon and rested. The note bears date of October 5, 1918, matured six months thereafter, and has no indorsements. Interest for six months was paid, but it does not appear when. The action was commenced August 27, 1926. So plaintiff's case makes it appear that his cause of action is barred. If the payment of interest was within six years of the commencement of the action, plaintiff has failed to show it. Neither did he produce any evidence of a new promise in writing which would save his cause of action. In Riley v. Mankato L. & T. Co. 133 Minn. 289, 158 N. W. 391, we held that where a note shows on its face that it is more than six years past due and the holder relies upon part payment to avoid the bar of the statute, the burden is upon him to prove it. In that case there was an indorsement of payment purporting to have been made within six years. The charge to the jury was that the burden was upon the defendant to prove that the payment had not been made at the date of the indorsement. That instruction was held to be error, the court saying [p. 291]:

"It was incumbent on plaintiff to prove the alleged part payments relied on by her, to avoid the bar of the statute of limitations, and it was not incumbent on the defendant to disprove them."

That rule is even plainer where there is no indorsement to evidence the payment. In such case the burden is obviously on the plaintiff, as it is also to adduce proof of any other circumstances, for example a new promise in writing, which he relies upon to escape the bar of the statute to which otherwise, as appears from his own evidence, his cause of action is subject. In attempting to make his own case, plaintiff established a complete defense which had been pleaded, the statute of limitations. In that situation the direction of a verdict was inescapable. Of course if the statute of

limitations had not been pleaded by demurrer or answer it would have been waived. 4 Dunnell, Minn. Dig. (2 ed.) § 5661.

2. There was a former trial of the case at which there had been introduced in evidence a letter from defendant upon which plaintiff relied as a new promise sufficient to take the case out of the statute of limitations. There was no effort to introduce that letter in evidence at the last trial. It was futile to urge that the court should have taken judicial notice of this letter simply because it was part of the evidence at the former trial. The rule that courts may take judicial notice of prior proceedings in the same case (2 Dunnell, Minn. Dig. (2 ed.) § 3455) does not include the evidence at a former trial. So far as they are controlled by evidence, the issues of a trial must be decided upon that produced at the time and not upon anything that may have been introduced at a former trial but is not again formally put before the court. The evidence at a former trial is not a proceeding or part of a proceeding within the rule that courts may take judicial notice of prior proceedings in the same action. The issue put to a judge by a motion for a directed verdict cannot go to decision upon what he may know has come into the case by way of evidence at a previous trial, even though it be a fact then quite definitely established. His function is to determine whether under the pleadings the evidence before the jury at the time being has made an issue of fact for them; and they, even more than a judge, have nothing to do with the evidence, even the conclusive proof, of an earlier trial which is not also before them.

Judgment affirmed.