JOE LONG AND ANOTHER v. HARRY LEE MOORE.

204 N. W. 2d 641.

February 2, 1973—No. 43585.

*Schermer, Schwappach, Borkon & Ramstead* and *Danny B. Berenberg,* for appellants.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, J. Richard Bland,* and *O. C. Adamson II,* for respondent.

Heard before Knutson, C. J., and Otis, MacLaughlin, and Olson, JJ.

KNUTSON, CHIEF JUSTICE.

This is an appeal from the order granting defendant's motion for summary judgment and from the judgment entered pursuant thereto.

The material facts are not in dispute. On March 22, 1964, plaintiffs and defendant were involved in an automobile collision. At the time of the collision, defendant was a resident of the State of Minnesota. On August 29, 1964, he moved to Freeport, Illinois, as a result of an employment transfer and has resided there continuously since that time.

On April 27, 1971, plaintiffs retained counsel and then learned that defendant had changed his residence to Illinois. On July 1, 1971, an attempt was made to serve defendant under Minn. St. 170.55. This service was approximately 7 years and 3 months after the accident.

The only question involved in this appeal is whether the statute of limitations was tolled during defendant's absence from the State of Minnesota.

The motion of defendant for summary judgment was granted by the trial court on the theory that inasmuch as a method was available for service of summons upon the defendant the statute of limitations was not tolled during his absence from the state.

Three statutory provisions are involved. Minn. St. 541.05 provides that an action for personal injuries must be commenced within 6 years from the time of the accrual of the claim.

Minn. St. 541.13 reads:

"If, when a cause of action accrues against a person, he is out of the state, an action may be commenced within the times herein limited after his return to the state; and if, after a cause of action accrues, he departs from and resides out of the state, the time of his absence is not part of the time limited for the commencement of the action."

Finally, § 170.55, subd. 1, provides in material part:

"The use and operation by a resident of this state or his agent, or by a nonresident or his agent of a motor vehicle within the state of Minnesota, shall be deemed an irrevocable appointment by such resident when he has been absent from this state continuously for six months or more following an accident, or by such nonresident at any time, of the commissioner of public safety to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him * * * growing out of such use and operation of a motor vehicle within this state, resulting in damages or loss to person or property, whether the damage or loss occurs on a highway or on abutting public or private property. * * * Such use or operation of a motor vehicle by such resident or nonresident is a signification of his agreement that any such process in any action against him * * * which is so served, shall be of the same legal force and validity as if served upon him personally * * *. Service of such process shall be made by serving a copy thereof upon the commissioner or by filing such copy in his office, together with payment of a fee of $2, and such service shall be sufficient service upon the absent resident or the nonresident * * *; provided that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant at his last known address and that the plaintiff's affidavit of

compliance with the provisions of this chapter is attached to the summons."

Whether provision for service of process under a so-called "long-arm statute" such as we have in automobile cases tolls the running of the statute of limitations as against a nonresident has never been decided by this court, but it has frequently been before other courts in this country. The authorities are divided. The numerical majority of the decisions hold that where there is an adequate provision for acquiring personal jurisdiction over a nonresident, such as we have in our motor vehicle statute, the statute of limitations is not tolled by absence from the state. We can see no good purpose in trying to reconcile the large number of decisions or select those which are most persuasive. We are convinced that the majority view is the more persuasive and should be followed here. The majority rule as applied to cases arising out of motor accidents is stated in 51 Am. Jur. 2d, Limitation of Actions, § 162, as follows:

"* * * Where provision is made by statute for substituted service of process upon a state official in cases arising out of motor accidents within the state, the majority of the courts have held that such a provision has the effect of nullifying any statute suspending the period of limitations."

See, also, 54 C. J. S., Limitations of Actions, § 212c(2).

The cases are collected in annotations in 94 A. L. R. 485, 119 A. L. R. 859, and 17 A. L. R. 2d 502. Section 9 of the last annotation deals specifically with actions against nonresident motorists where provision is made by statute for substituted service of process upon a state official.

In Pomeroy v. National City Co. 209 Minn. 155, 296 N. W. 513, 133 A. L. R. 766 (1941),[1] we dealt with a fact situation where a foreign corporation had ceased to transact business in Minnesota and had formally withdrawn therefrom but had irrevocably

---

[1] Commented on in 25 Minn. L. Rev. 527.

appointed both the commissioner of securities and the secretary of state its agents for personal service of process in actions arising from its Minnesota business. The question was whether the corporation's removal from the state would toll the running of the statute of limitations when there was a continuing agent for personal service of process in such actions. In a four-to-three decision we held that the removal did not toll the statute. The rationale of the Pomeroy case is probably stated in the following language (209 Minn. 159, 296 N. W. 515, 133 A. L. R. 770):

"A corporation is not absent from a jurisdiction where *personal* service upon it is continuously inescapable."

While we recognized the difference between a foreign corporation and an individual, the rationale of the majority decision is that where valid service can be obtained the corporation is not absent from the state so as to prevent the running of the statute of limitations. The majority refused to follow the majority opinion in City Co. of New York, Inc. v. Stern, 110 F. 2d 601 (8 Cir. 1940). That was a two-to-one decision which affirmed a decision of the United States District Court, Stern v. National City Co. 25 F. Supp. 948 (D. Minn. 1938), holding that the statute of limitations was tolled upon final removal from the state by the corporate defendant.[2]

Plaintiffs urge us to adopt the view that if § 541.13, the tolling statute, is not to be applied so as to toll the running of the statute of limitations, the change should be made by the legislature and not by this court. Most, if not all, of the courts that follow the minority rule are committed to that view. We rejected it in Pomeroy.

It is obvious that the purpose of a tolling statute such as § 541.13 is to prevent a cause of action arising in this state from becoming unenforceable by virtue of the running of the statute of limitations in cases where personal jurisdiction of a defendant cannot be obtained because he is not within the state. That dan-

---

[2] For a note on the case, see 23 Minn. L. Rev. 828.

ger is nonexistent when there are provisions, such as § 170.55, which permit service on a nonresident defendant. In such case there is no more reason for tolling the statute of limitations than if the defendant were present in the state where the action was commenced.

It is also urged that the burden of proving the availability of the long-arm statute rests on the defendant and that he must show that plaintiffs knew he had left the state and had been continuously absent therefrom for 6 months. Section 170.55 does not contain such a requirement. On the record before us, it appears that as soon as counsel was retained they had no difficulty in finding the place of residence of the defendant and attempted to serve him under § 170.55. Had the defendant remained in Minnesota, the statute would clearly have run before service was attempted. Even if we give plaintiffs credit for the 6 months that a resident must be absent from the state to permit service under § 170.55, the statute of limitations would still have run. We are convinced that the trial court correctly determined that the statute of limitations was not tolled by defendant's absence from the state under these circumstances.

Affirmed.