**Olga DURESKY, et al., Appellants,**

v.

**Mark HANSON, Respondent.**

**No. 82–459.**

Supreme Court of Minnesota.

Jan. 14, 1983.

---

Gerald G. Magee, Minneapolis, for appellants.

Murnane, Conlin, White, Brandt & Hoffman and Lawrence R. King, St. Paul, for respondent.

KELLEY, Justice.

Appellants commenced an action to recover damages for personal injuries sustained in an automobile accident by service on the Commissioner of Public Safety 9 days after the 6-year statute of limitations had run. Respondent moved to dismiss, claiming the court did not have jurisdiction because of lack of personal service upon him and for failure of appellants to commence the action within the prescribed period of the statute of limitations. The trial court dismissed the action "with prejudice." We reverse and remand for further proceedings.

On May 13, 1973, the appellants were involved in an automobile accident with the respondent Mark Hanson. At the time of the accident, respondent was a resident of the State of Minnesota. Following the accident, the respondent's insurer reimbursed appellants $2,000 for medical expenses and $1,300 for damage to an automobile belonging to the appellants. A few months after the accident the appellants retained counsel to represent them. Over a lengthy period of time, negotiations were conducted between appellants' attorney and respondent's insurer in an attempt to settle the appellants' claims for permanent injuries. In 1977 the respondent's insurer made an offer for settlement which was rejected. Negotiations continued on into 1978. Near the end of the 6-year statute of limitations period, it became apparent to appellants that settlement could not be reached. Thereupon, they commenced efforts to locate Hanson so service of process could be made upon him. They did not locate him in Minnesota but ascertained a possible address of respondent in the State of Montana. On April 20, 1979, the summons and complaint were mailed to the sheriff of the Montana community for service on Hanson. On May 4 the sheriff executed an affidavit that Hanson could not be located there for service. On May 22, 1979, 9 days after the 6-year statute of limitations had run, appellants served the summons and complaint on the Commissioner of Public Safety in attempted compliance with Minn.Stat. § 170.-55 (1980). Within 10 days after service upon the commissioner, appellants also mailed the summons and complaint to Hanson at what they considered his last known address in Montana. The envelopes were returned for unknown address.

Hanson's automobile liability insurer was notified of the commencement of the action by service on the commissioner. Subsequently, an answer to the complaint was filed on behalf of respondent in which he denied negligence and maintained the court lacked jurisdiction because the statute of limitations had run and because of lack of personal service of process upon him. Thereafter respondent moved to dismiss the action on both grounds. The trial judge dismissed the action with prejudice.

1. We must first determine whether respondent was "subject to process" during the 6-year period of the statute

of limitations.[1] If a resident departs from and resides out of the state after a cause of action accrues and is not "subject to process" under the laws of this state, or after diligent search he cannot be found for the purpose of personal service, the time of his absence is excluded from the statutory period limiting the time for commencement of the action.[2] The first inquiry, then, is directed to finding whether the alleged tortfeasor has departed from this state and taken up residence elsewhere. We have interpreted this requirement to mean the establishment of a change of domicile. *Nelson v. Sandkamp,* 227 Minn. 177, 183–84, 34 N.W.2d 640, 644 (1948).[3] The trial court made no finding that Hanson had departed or resided outside of Minnesota during the 6-year period. But even if Hanson had left the state and established domicile elsewhere, the period of the statute would not be tolled unless during the period of his absence he was not "subject to process" under the laws of Minnesota. We concur with the trial judge's conclusion that at all times during the 6-year limitation period Hanson was "subject to process," whether or not he had left the state,[4] but we reach that conclusion by applying Minn.Stat. § 543.19, subd. 2 and subd. 5 (1980).[5]

---

1. Minn.Stat. § 541.05 (1980) provides:

Subdivision 1. Except where the uniform commercial code otherwise prescribes, the following actions shall be commenced within six years:

\* \* \* \* \* \*

(5) For criminal conversation, or for any other injury to the person or rights of another, not arising on contract, and not hereinafter enumerated;

2. Minn.Stat. § 541.13 (1980) provides:

[I]f, after a cause of action accrues, he departs from and resides out of the state and while out of the state is *not subject to process under the laws of this state or after diligent search he cannot be found for the purpose of personal service when personal service is required,* the time of his absence is not part of the time limited for the commencement of the action. (emphasis added)

3. In *Nelson v. Sandkamp,* 227 Minn. 177, 183–84, 34 N.W.2d 640, 644 (1948), we said:

The words "he departs from and resides out of the state" as used in § 541.13 are to be construed as meaning *he departs from and acquires a domicile out of the state.* In other words, the statute contemplates a change of domicile as a prerequisite for tolling the statute of limitations. In this sense, the statute has been construed as if the words "residence" and "domicile" are synonymous in meaning (contrary to the accepted distinction in meaning), and that a change of domicile involves a change of a person's true, fixed, and permanent home or place of abode, to which such person intends to return whenever he is absent. \* \* \* A departure from the state which involves merely a temporary sojourn elsewhere, as distinguished from the acquirement of a new domicile, is insufficient to toll the statute of limitations. Whether a person departs from the state to domicile himself elsewhere is a question of fact for the jury. (citations omitted)

4. We note as a practical matter appellants may not have been able to serve him because they apparently did not know his whereabouts, but he was still "subject to service of process" under the law.

5. Minn.Stat. § 543.19 (1980) provides:

Subdivision 1. As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any non-resident individual, or his personal representative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or non-resident individual:

\* \* \* \* \* \*.

(c) Commits any act in Minnesota causing injury or property damage \* \* \*

\* \* \* \* \* \*

Subd. 2. The service of process on any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the summons upon the defendant outside this state with the same effect as though the summons had been personally served within this state.

Subd. 3. Only causes of action arising from acts enumerated in subdivision 1 may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

Subd. 4. Nothing contained in this section shall limit or affect the right to serve any process in any other manner now or hereafter provided by law or the Minnesota Rules of Civil Procedure.

Subd. 5. Non-resident individual, as used in this section, means any individual or his personal representative, who is not domiciled or residing in the state when suit is commenced.

Therefore, were it not for the existence of section 170.55, our inquiry might be at an end, and the trial court's order of dismissal affirmed.

■■■ 2. Section 170.55 permits substituted service upon the Commissioner of Public Safety when the resident involved in an automobile accident has been absent from this state continuously for 6 months or more following the accident.[6] Appellants argue that because section 170.55 gives them the right to serve the commissioner as respondent's agent, but only after it is established that respondent has been continuously absent from the state for a period of time in excess of 6 months, the statute operates to toll the general limitation statute for that 6-month period and, in effect, gives them, in addition to the 6-year statutory period of Minn.Stat. § 541.13 (1980), 6 months within which to make substituted service of process. We have never previously directly addressed this precise issue, nor have courts from other jurisdictions.[7] We did, however, discuss the interaction of section 541.13 and section 170.55 in *Long v. Moore,* 295 Minn. 266, 204 N.W.2d 641 (1973). We there announced the rule that where there is an adequate provision for acquiring personal jurisdiction over a nonresident, such as is provided in section 170.-

55, the general limitation statute is not tolled by the defendant's absence from the state. In *Long,* however, service was not attempted until 7 years and 3 months after the cause of action arose. We there noted that, even if plaintiff were given "credit" for the statutory 6-month period that a resident must be absent from the state before substituted service could be made under section 170.55, the 6-year statute would still have run long prior to the there attempted service. In *Long* we did not address the import of section 543.19. As indicated, under section 543.19 Hanson was "subject to process" during any time he was absent from and resided outside Minnesota, including the 6 months he had to have been absent to trigger the right of substitute service on the commissioner. Therefore, there could be no tolling of the 6-year statute based solely on Hanson's absence from the state. *Long v. Moore,* 295 Minn. 266, 271, 204 N.W.2d 641, 644 (1973).

■■■ 3. In our view, under section 541.13 there exists a second ground permitting tolling of the limitation statute. Under section 541.13 the statute is tolled if a non-resident is not "subject to process." The statute further provides the limitation period is tolled if "after diligent search" the defendant cannot be found for the purpose

---

6. Minn.Stat. § 170.55 (1980) provides:

Subdivision 1. The use and operation by a resident of this state or his agent, or by a nonresident or his agent of a motor vehicle within the state of Minnesota, shall be deemed an irrevocable appointment by such *resident when he has been absent from this state continuously for six months or more following an accident,* or by such nonresident at any time, of the commissioner of public safety to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him * * growing out of such use and operation of a motor vehicle within this state, resulting in damages or loss to person or property, whether the damage or loss occurs on a highway or on abutting public or private property. * * * Such use or operation of a motor vehicle by such resident or nonresident is a signification of his agreement that any such process in any action against him * * * which is so served, shall be of the same legal force and validity as if served upon him personally * * *. Service of such process shall

be made by serving a copy thereof upon the commissioner or by filing such copy in his office, together with payment of a fee of $2, and such service shall be sufficient service upon the absent resident or the nonresident * * * provided that notice of such service *and a copy of the process are within ten days* thereafter sent by mail by the plaintiff to the defendant at his last known address and that the plaintiff's affidavit of compliance with the provisions of this chapter is attached to the summons. (emphasis added)

7. The lack of precedent from other jurisdictions is probably the result of the unique provision in section 170.55 allowing substituted service on the commissioner only when the resident has been continually absent from the state for more than 6 months. Our research reveals that a similar requirement is found only in the statutes of the State of Virginia (a 60-day absence requirement). *See* Va.Code §§ 8.01–307 to 8.01–308 (1977) as construed in *Bergman v. Turpin,* 206 Va. 539, 145 S.E.2d 135 (1965).

of personal service "when personal service is required." This provision makes it clear that if an unsuccessful but diligent search is made after the defendant has changed residence and before substituted service under section 170.55 is available, the time of the defendant's absence would be tolled. When substituted service was available under section 170.55, the statutory language would seem to preclude tolling during the time spent on an unsuccessful diligent search since in such case "personal service is not required." The problem is that, notwithstanding a diligent search, the plaintiff may not be able to establish facts permitting substituted service under section 170.55 within the 6-year period, but the 6-year statute would run because, in fact, substituted service under section 170.55 was available. To avoid this possibly inequitable result, we conclude that the 6-year statute of limitations should be tolled for any period of time that a defendant is absent from the state until plaintiff discovers the location of the defendant or knowledge of facts establishing the availability of substituted service under section 170.55, whichever occurs first, unless the plaintiff has made no attempt to make a "diligent search" before the general statute of limitations would have expired without tolling. Whether the plaintiff has made a "diligent search" is a fact question to be resolved by the trier of fact, as is the question of whether a resident has absented himself from the state under section 541.13. All relevant evidence bearing on those issues may be considered by the factfinder, including whether the search was "diligent" when not commenced until shortly prior to the expiration of the limitation period,[8] and, if not commenced until such late date, whether such failure to sooner proceed was the result of assurances by persons representing the prospective defendant that would lead a reasonable person to believe that the "diligent search" need not have been commenced sooner.

The present case was dismissed on the pleadings. *See* Minn.R.Civ.P. 12.[9] Accordingly, there was no factual finding that Hanson had or had not departed from and resided out of the state, nor that he had been continuously absent from the state for more than 6 months, nor that appellants had made a "diligent search" to find him prior to the expiration of the limitation period. Therefore, we remand to the trial court for a factual resolution of those issues. The ultimate disposition of this matter by the trial court will, of course, depend upon how one or more of those factual issues are resolved.

Reversed and remanded for further proceedings.

---

8. The record here fails to reveal what, if any, efforts were made by appellants or their attorney until very shortly before the statute had run to ascertain either if respondent had changed residence or continuously absented himself from the state for more than 6 months.

9. The order of the court was a dismissal under Minn.R.Civ.P. 12, not summary judgment under Minn.R.Civ.P. 56.