**Loren Iva ANDERSON, Respondent,**

v.

**Blaine Lloyd AMUNDSON, John Doe I Through John Doe V., Appellants.**

No. C7-84-490.

Court of Appeals of Minnesota.

Sept. 25, 1984.

Morem & Monahan, Gary L. Monahan, Le Sueur, for respondent.

Farrish, Johnson, Maschka & Hottinger, Scott V. Kelly, Mankato, for appellants.

Heard, considered and decided by SEDG-WICK, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

Respondent Anderson commenced this action against appellant Amundson for injuries arising out of an automobile accident which occurred October 13, 1982. Ander-son amended her complaint adding a claim for punitive damages for the unlawful, reckless, willful and wanton misconduct of driving while under the influence. Amundson moved for partial summary judgment claiming punitive damages are inappropriate as a matter of law under the facts of this case. The trial court denied Amundson's motion and certified six questions to this court pursuant to Rule 103.03(h), Minn. R.Civ.App.P. We affirm and remand for trial on the merits.

## FACTS

This case arises out of a motor vehicle accident that occurred at approximately 2:00 a.m. on October 13, 1982. Appellant Blaine Lloyd Amundson was driving in an erratic manner on a four lane road. His truck collided with the center median and right curb several times. He was traveling at approximately 50 m.p.h. when the truck caught the curb on the right side of the road, causing Amundson to lose control, cross over the center median and collide with respondent Lorene Iva Anderson's car.

Amundson was drinking during the afternoon and evening prior to the accident. The breathalyzer test administered subsequent to the accident indicated a blood alcohol level of .24.

Amundson was arrested for and pleaded guilty to DWI under Minn.Stat. § 169.121 (1982). He was sentenced to thirty days in jail suspended under the condition he pay a $400.00 fine and $40.00 surcharge, complete successfully an alcohol counseling program, use no alcohol for three months, and obey all laws for one year. Amundson has been involved in other alcohol related accidents.

Anderson sued Amundson, later amending her complaint to include a claim for punitive damages. Amundson claimed punitive damages were inappropriate under the facts of this case and moved for partial summary judgment. His motion was de-

nied by the trial court which concluded that an award of punitive damages may be an appropriate sanction for one driving a motor vehicle while under the influence of alcohol. The trial court then certified six questions to this court pursuant to Rule 103.03(h), Minn.R.Civ.App.P.

## ISSUES

Certified Questions:

1. The interpretation of "willful indifference" in the punitive damages statute, M.S.A. 549.20, Subd. 1, in a situation where an action is brought against an allegedly intoxicated operator of a motor vehicle.

2. Whether the plaintiff in such an action is required to prove that the intoxication was the proximate cause of the plaintiff's injuries?

3. Whether intoxication precludes the state of mind necessary for punitive damages?

4. Whether defendant should be precluded from admitting liability in relation to negligence as a result of plaintiff's prayer for punitive damages?

5. Whether the trial Court's order of February 10, 1984 was correct?

6. Whether matters occurring after the happening of the tortious act, and unrelated to the defendant's state of mind at the time of the events, are admissible on the issue of punitive damages.

## ANALYSIS

### I

#### Appropriate Sanction

Minn.Stat. § 549.20, subd. 1 (1982) provides that punitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show a willful indifference to the rights or safety of others. This court has recently held that driving while intoxicated may in itself be sufficiently reckless or wanton to warrant punitive damages. *Hawkinson v. Geyer*, 352 N.W.2d 784 (Minn.Ct.App.1984). In *Hawkinson*, we stated:

A majority of the states that have addressed this issue support the view that driving while intoxicated is in itself sufficiently reckless or wanton to warrant punitive damages. *See, Intoxication of Automobile Driver as Basis for Awarding Punitive Damages*, 65 A.L.R.3d 656 (1975).

\* \* \* \* \* \*

Although the Minnesota Legislature has not expressly approved punitive damage awards in cases involving drunk drivers, the recent emphasis in the legislature on more effective enforcement measures against drunk drivers indicates a commitment to deter such conduct by all possible means.

*Id.* at 788. If the act of drinking and driving was of such a nature that a jury could find Amundson acted with "a willful indifference to the rights or safety of others," an award of punitive damages is an appropriate sanction for the operation of a motor vehicle while under the influence of alcohol. As in any other case wherein a punitive damage claim is made, the trial court must initially determine whether the evidence is sufficient to submit the issue to the jury.

### II

#### Proximate Cause

The issue of whether Amundson's intoxication was a proximate cause of Anderson's injuries is normally one for the jury to decide. *Frey v. Montgomery Ward & Co.*, 258 N.W.2d 782 (Minn.1977). Proximate cause can be proved by direct and circumstantial evidence. Production of a toxicologist was not necessary to withstand a motion for summary judgment.

### III

#### State of Mind

Intoxication does not preclude the state of mind necessary to recover punitive

damages under Minn.Stat. § 549.20, subd. 1 (1982). The state of mind manifested by Amundson was his voluntary drinking while knowing that he had to drive home. A jury could find that conduct to be the "willful indifference to the rights or safety of others" that the statute was designed to penalize. *See Hawkinson*, at 788.

## IV

### Admissions of Liability

■ Amundson argues that evidence of the circumstances of the accident, namely, his state of intoxication, is irrelevant on the question of compensatory damages when liability has been admitted. This is true. It is not true on the issue of punitive damages.

■ Once the tortfeasor engages in the type of conduct Minn.Stat. § 549.20, subd. 1 was designed to penalize, the tactic of admitting liability to avoid prejudicing a jury is lost. This defense strategy is surrendered when a person acts with willful indifference to the rights of his fellow humans. Whatever danger exists that a punitive damage claim may aggravate the jury's award for compensatory damages can be reduced, if not eliminated, through the use of a cautionary or limiting instruction. The danger of prejudice is a penalty one risks when his conduct is such that punitive damages may be warranted.

## V

### Trial Court's Order Was Correct

See answer to certified question No. 1.

## VI

### Proper Factors

■ Minn.Stat. § 549.20, subd. 3 (1982) provides:

Any award of punitive damages shall be measured by those factors which just-

ly bear upon the purpose of punitive damages, including the seriousness of hazard to the public arising from the defendant's misconduct, the profitability of the misconduct to the defendant, the duration of the misconduct and any concealment of it, the degree of the defendant's awareness of the hazard and of its excessiveness, the attitude and conduct of the defendant upon discovery of the misconduct, ... the financial condition of the defendant, and the total effect of other punishment likely to be imposed upon the defendant as a result of the misconduct, including compensatory and punitive damage awards to the plaintiff and other similarly situated persons, and the severity of any criminal penalty to which the defendant may be subject.

*Id.* Evidence of criminal penalty is relevant and should be considered by the jury in assessing punitive damages. The jury has the right to consider these criminal sanctions as part of the "total effect of other punishment * * * imposed upon the defendant." *Id.* Our holding is not in conflict with Minn.Stat. § 169.94, subd. 1 (1982) which provides that a record of conviction is not admissible as evidence in civil actions, since it is the defendant requesting its admittance and therefore no prejudice results.

## DECISION

1. Certified question: The interpretation of "willful indifference" in the punitive damages statute, M.S.A. 549.20, subd. 1, in a situation where an action is brought against an allegedly intoxicated operator of a motor vehicle.

Answer: The term "willful indifference," as used in Minn.Stat. § 549.20, subd. 1 (1982), may include the conduct of an intoxicated driver.

2. Certified question: Whether the plaintiff in such an action is required to prove that the intoxication was the proximate cause of the plaintiff's injuries?

Answer: The issue of whether intoxication was a proximate cause of a plaintiff's

injuries must be proven and is normally one for the jury to decide, unless the facts require a directed verdict.

3. Certified question: Whether intoxication precludes the state of mind necessary for punitive damages?

Answer: Voluntary intoxication does not preclude the state of mind necessary to recover punitive damages under Minn.Stat. § 549.20, subd. 1 (1982).

4. Certified question: Whether defendant should be precluded from admitting liability in relation to negligence as a result of plaintiff's prayer for punitive damages?

Answer: An intoxicated driver's admission of liability will not bar evidence of his state of intoxication which is relevant to the issue of punitive damages. Any danger that a punitive damage claim may aggravate the jury's award for compensatory damages can be reduced, if not eliminated, through the use of a cautionary or limiting instruction.

5. Certified question: Whether the trial Court's order of February 10, 1984 was correct?

Answer: See answer to certified question No. 1.

6. Certified question: Whether matters occurring after the happening of the tortious act, and unrelated to the defendant's state of mind at the time of the events, are admissible on the issue of punitive damages.

Answer: Evidence of criminal penalty incurred as a result of driving while intoxicated is relevant in a subsequent civil suit for punitive damages and should be considered by the jury in assessing those damages.

Affirmed and remanded.