In re the Marriage of Reuben KLEIN,
Petitioner, Appellant,

v.

Rosemary KLEIN, Respondent.

No. C4–84–2147.

Court of Appeals of Minnesota.

April 16, 1985.

Review Denied June 27, 1985.

Reuben Klein, pro se.

Richard Roberts, Wheaton, for respondent.

Considered and decided by NIERENGARTEN, FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Reuben Klein appeals the trial court's order denying his motion for new trial in this dissolution case.

## FACTS

Reuben Klein (appellant) and Rosemary Klein (respondent) were married in 1976. They had entered a pre-marital agreement that neither would acquire any right to the real or personal property of the other by the marriage.

The parties divorced in 1981. After a trial court hearing, they entered into a stipulation concerning the disposition of property.

In July 1984, respondent brought a motion for an order to show cause for the return of certain property and other relief. After hearing, the trial court ordered (1) that the Pelican Rapids Police Chief or deputy sheriff meet and visit each party's home to take possession of whatever items of property each has which belongs to the other, as mutually acknowledged; (2) that appellant return an antique music box to respondent; (3) that jointly owned items be promptly sold at public auction and the proceeds divided equally between the parties; (4) that neither party receive attorney fees; (5) that appellant is not entitled to any rent from respondent, nor is appellant indebted to respondent for any broken windows on his property; (6) that any unsigned income tax returns be transmitted, signed and returned; and (7) that each party be restrained from harassing the other.

Appellant made a motion for a new trial, arguing that certain items of property

should be returned to him and that respondent owed him rent money for the several months he claims she remained in his house. The trial court denied his motion.

## ISSUE

Did the trial court err by denying appellant's motion for new trial?

## ANALYSIS

█ A new trial may be granted for irregular procedure, misconduct, accident or surprise, newly discovered evidence not reasonably available at time of trial, excessive or insufficient damages, or errors of law occurring at the trial. *See* Minn.R. Civ.P. 59.01. However, the granting of a new trial rests in the discretion of the trial court, and the trial court's decision will be reversed only for a clear abuse of discretion. *City of Ogema v. Bevins,* 341 N.W.2d 298, 299 (Minn.Ct.App.1983).

In his motion for new trial, appellant claimed he obtained new evidence not available at the time of trial. However, his brief discusses the same property issues the trial court ruled upon in its 1984 order. In essence, this appeal is a continuation of the property disputes the parties have had since their 1981 dissolution.

█ Property divisions are final and are not subject to modification except where they are the product of mistake or fraud. *Kerr v. Kerr,* 243 N.W.2d 313 (Minn.1976); *see* Minn.Stat. § 518.64 (1984). The trial court, having heard testimony of both parties, applied the judgment of 1981 and ordered the parties to comply. There was no error.

## DECISION

We affirm the decision of the trial court.