**Sophal NHEP, Appellant,**

v.

**Diane Marie ROISEN, Respondent.**

No. C7–89–296.

Court of Appeals of Minnesota.

Oct. 10, 1989.

Review Denied Dec. 1, 1989.

Jeff Gray, Lange & Megarry, P.A., Bloomington, for appellant.

William M. Hart, Kenneth W. Dodge, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for respondent.

Heard, considered and decided by SHORT, P.J., and FOLEY and LOMMEN *, JJ.

## OPINION

SHORT, Judge.

This action is the result of an automobile accident in which respondent Diane Marie Roisen rear-ended a car driven by appellant Sophal Nhep. Appellant argues that the trial court abused its discretion in denying his new trial motion because (1) a driver's blood alcohol concentration level alone is sufficient to justify submitting the issue of punitive damages to a jury, and (2) evidence of a driver's intoxication at the time of an accident is more probative than prejudicial despite an admission of liability by the driver. Under the circumstances of this case, we disagree and affirm the trial court's decision.

## FACTS

At approximately 6:20 a.m. on December 6, 1986, appellant stopped his car for a red light at the intersection of Highway 13 and County Road 30 in Eagan, Minnesota. Respondent, who was driving in the same direction, failed to stop her car in time and struck the rear end of appellant's car. Ap-

pellant's vehicle sustained approximately $240 in damages and respondent's vehicle sustained approximately $2,000 in damages. Respondent admitted 100 percent liability for the accident.

At trial, the court ruled there was insufficient evidence to submit the issue of punitive damages to the jury and that evidence of respondent's intoxication was more prejudicial than probative in value. The remaining issues were tried to a jury. By special verdict, the jury found (a) appellant did not sustain a permanent injury as a result of the accident and (b) the value of appellant's reasonable and necessary medical expenses up to the time of trial was $2,266.75. The trial court adopted the jury's findings. Since the parties had previously stipulated that appellant's no-fault benefits of $4,415.08 would operate as an offset pursuant to Minn.Stat. § 65B.51, subd. 1 (1988), the trial court ruled respondent was entitled to a judgment of dismissal with prejudice. Appellant moved for a new trial, and the trial court denied his motion.

## ISSUES

I. Did the trial court err in dismissing appellant's claim for punitive damages?

II. Did the trial court err in excluding evidence that respondent was intoxicated at the time of the accident?

## ANALYSIS

 The trial court may grant a new trial for errors of law or for abuse of discretion. Minn.R.Civ.P. 59.01; *Klein v. Klein*, 366 N.W.2d 605, 606 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. June 27, 1985). Where the trial court applies the language of a statute to the facts of a case, its conclusion is one of law and does not bind this court. *A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn. 1977). The trial court's ruling as to the admissibility of certain evidence, however, is left to the sound discretion of the trial

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

court. *In re Conservatorship of Torres*, 357 N.W.2d 332, 341 (Minn.1984). We will reverse a trial court's evidentiary ruling only upon a clear abuse of discretion. *Id.*

## I.

Punitive damages are allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show a willful indifference to the rights or safety of others. Minn.Stat. § 549.20, subd. 1 (1988). The legislative intent expressed in that statute is to limit the frequency and amount of punitive damage awards. *Minnesota–Iowa Television Co. v. Watonwan T.V. Improvement Association*, 294 N.W.2d 297, 311 (Minn.1980). Punitive damages are an extraordinary remedy to be allowed with caution and within narrow limits. *Lewis v. Equitable Life Assurance Society of the United States*, 389 N.W.2d 876, 892 (Minn.1986). *See also Eisert v. Greenberg Roofing & Sheet Metal Co.*, 314 N.W.2d 226, 229 (Minn.1982).

When a party seeks punitive damages, the trial court must first determine whether the evidence is sufficient to submit the issue to the jury. *See Morris v. Littler*, 399 N.W.2d 673, 676–77 (Minn.Ct.App. 1987). Appellant argues that drunk driving demonstrates a willful indifference to the safety of others and that respondent's alcohol concentration level at the time of the accident justified submission of punitive damages to the jury. Although Minn. Stat. § 549.20 does not expressly provide for recovery of punitive damages in automobile accident cases, case law interpreting that statute has permitted recovery of punitive damages from drunk drivers when the facts are "egregious." *See, e.g., Anderson v. Amundson*, 354 N.W.2d 895 (Minn.Ct.App.1984) (where defendant driver had been drinking all afternoon and evening, had a blood alcohol level of .24, drove erratically across the center median and right curb several times before losing control of truck and striking plaintiff's car); *Hawkinson v. Geyer*, 352 N.W.2d 784 (Minn.Ct.App.1984) (where unlicensed driver had been drinking for nearly twelve hours, had a blood alcohol level of .28, sped down a residential street onto a sidewalk and through plaintiff's front yard and window).

In the instant case, the trial court concluded there was no evidence of egregious facts to justify submitting the issue of punitive damages to the jury. Appellant's offer of proof to the trial court to support submission of punitive damages was that (a) respondent had been drinking prior to the accident, (b) she had a blood alcohol level of .20 after the accident, and (c) she might have fallen asleep at the wheel of her car. While we in no way condone respondent's conduct, there was no evidence of high speed, erratic driving or other egregious conduct prior to the accident. Under these circumstances, we cannot find that the trial court was clearly erroneous in refusing to submit the issue of punitive damages to the jury. *See Morris*, 399 N.W.2d at 676–77; *Erickson v. Hinckley Municipal Liquor Store*, 373 N.W.2d 318, 325 (Minn.Ct.App.1985). Although we are sympathetic to appellant's claim, a decision that blood alcohol level alone demonstrates "willful indifference" should come from legislative action. It is not our role to amend Minn.Stat. § 549.20.

## II.

Appellant argues that even though respondent admitted liability prior to trial, respondent's state of intoxication became an issue during her testimony as to the details of the accident. The evidence of respondent's intoxication was slightly probative as impeachment of her ability to recall the details of the accident. However, the trial court's decision that the prejudicial value outweighed the probative value was not clearly erroneous. Minn.R. Evid. 403; *In re Conservatorship of Torres*, 357 N.W.2d at 341. Moreover, appellant could have impeached respondent's testimony as to the details of the accident by calling the investigating officer to testify as to the inconsistencies between her trial testimony and her statements at the time of the accident.

## DECISION

Without evidence of egregious facts, a driver's level of blood alcohol concentration alone is insufficient to justify submitting the issue of punitive damages to a jury. The trial court properly denied appellant's motion for a new trial based on the dismissal of his punitive damages claim and the exclusion of evidence of respondent's intoxication.

Affirmed.

FOLEY, Judge (concurring specially).

I concur in the result, because of precedent, on the issue of punitive damages. *See Morris v. Littler,* 399 N.W.2d 673 (Minn.Ct.App.1987); *Erickson v. Hinckley Municipal Liquor Store,* 373 N.W.2d 318 (Minn.Ct.App.1985). It is my view that the time has come for the legislature to enact appropriate legislation that driving under the influence *alone* constitutes egregious conduct warranting the submitting of the issue of punitive damages to the jury in automobile accident cases.

In *Hawkinson v. Geyer,* 352 N.W.2d 784 (Minn.Ct.App.1984), this court observed:

A majority of the states that have addressed this issue support the view that driving while intoxicated is in itself sufficiently reckless or wanton to warrant punitive damages.

*Id.* at 788 (citation omitted). This court went on to say:

In *Roginsky v. Richardson–Merrell, Inc.,* 378 F.2d 832, 838 (2nd Cir.1967), the court defended the application of punitive damages to a drunk driver:

From a moral standpoint there is not too much difference between the driver who heads his car into a plaintiff and the driver who takes the wheel knowing himself to be so drunk that he probably will hit someone and not caring whether he does or not; and it is as important to deter the latter type of conduct as the former.

*Hawkinson,* 352 N.W.2d at 788.

Here, the offer of proof would establish an alcohol concentration level of .20 after the accident. *Morris* and *Erickson* seem to hold that some kind of erratic driving, in addition to being intoxicated, is necessary before the issue of punitive damages is submitted to the jury. I am persuaded that drunk driving alone is sufficient to submit that issue to the jury. *See Roginsky,* 378 F.2d at 838. As this court observed in *Hawkinson:*

Although the Minnesota Legislature has not expressly approved punitive damage awards in cases involving drunk drivers, the recent emphasis in the Legislature on more effective enforcement measures against drunk drivers indicates a commitment to deter such conduct by all possible means.

*Id.* at 788.

I would recommend that the Minnesota Legislature at its next session review the laws in this area. Punitive damages can be a real deterrent to drunk driving.