**Cynthia A. JOHNSON, as Trustee for the Heirs of Eunice Novotny, deceased, Appellant,**

v.

**Kjeld HUSEBYE, M.D., Respondent.**

**No. C1-90-2728.**

Court of Appeals of Minnesota.

May 21, 1991.

Review Denied Aug. 2, 1991.

John H. Guthmann, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for appellant.

William H. Leary, Geraghty, O'Loughlin & Kenney, St. Paul, for respondent.

Considered and decided by KALITOWSKI, P.J., and SHORT and DAVIES, JJ.

## OPINION

SHORT, Judge.

Cynthia A. Johnson, as trustee for the heirs of her mother, Eunice Novotny,

brought a wrongful death action against respondent Kjeld Husebye, M.D. Johnson alleges her mother's death resulted from Husebye's negligent care and treatment. Husebye moved for summary judgment, claiming the complaint was served after the two-year statute of limitations had expired. The trial court granted the doctor's motion, and we affirm.

## FACTS

Novotny telephoned Husebye on February 3, 1987, complaining of weakness, diarrhea, and chest pressure. Because of Novotny's history of diabetes, the doctor instructed her to eat lightly and to monitor her condition. Later the same day, Novotny again telephoned Husebye because she was still experiencing the symptoms. While Husebye gave Novotny further instructions, he did not ask her to come into his office for an examination.

The next day, Novotny telephoned her regular physician, Dr. Husebye's partner. Husebye's partner admitted Novotny to a hospital, where he diagnosed her as having had an inferior myocardial infarction. Novotny continued to have heart problems, and suffered a fatal cardiac arrest three days later.

Almost two years after her mother's death, Johnson petitioned to become trustee of Novotny's estate. The trial court immediately approved the petition, and Johnson delivered the summons and complaint in this medical malpractice action to the Ramsey County Sheriff's Office for service of process on Husebye. Johnson made no attempt to locate or serve Husebye before delivering the summons and complaint to the sheriff on February 2, 1989.

The sheriff attempted to serve Husebye at his Minnesota residence fourteen times between March 8 and June 20. Service of process was finally completed on June 26, 1989. Between February 2 and June 26, Husebye was in Minnesota 35 days. It is not claimed that Husebye was attempting to evade personal service.

## ISSUES

I. Does the 60–day period for service of process under Minn.R.Civ.P. 3.01(c) expire after 60 consecutive days have elapsed, or does that period end upon the passage of 60 days in which the defendant was amenable to service of process?

II. Can a statutory limitation period be tolled under Minn.Stat. § 541.13 (1988) when the defendant was subject to service of process and the plaintiff made no attempt to find the defendant during the statutory period?

## ANALYSIS

When reviewing a grant of summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988); *see* Minn.R.Civ.P. 56.03. We must view the evidence in the light most favorable to the party against whom the motion for summary judgment was granted. *Offerdahl*, 426 N.W.2d at 427. We need not defer to a trial court's application of the law. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984); *Nhep v. Roisen*, 446 N.W.2d 425, 426 (Minn.App.1989), *pet. for rev. denied* (Minn.Dec. 1, 1989).

### I.

Johnson chose to commence this action by delivering her summons and complaint to the Ramsey County sheriff pursuant to Rule 3.01(c) of the Minnesota Rules of Civil Procedure. Under that rule,

 A civil action is commenced against each defendant

\* \* \* \* \* \*

when the summons is delivered to the sheriff in the county where the defendant resides for service; but such delivery shall be ineffectual unless within 60 days thereafter the summons is actually served on that defendant or the first publication thereof is made.

Minn.R.Civ.P. 3.01(c). An attorney relying on this method must be vigilant to ensure service is effected within 60 days. 1 D. Herr & R. Haydock, *Minnesota Practice* § 3.3, at 28 (2d ed.1985). The rule requires someone, not necessarily the sheriff, to serve the summons within 60 days. *See id.* at 28–29.

■ The statutory limitation period for a medical malpractice claim is two years. Minn.Stat. § 541.07(1) (1988). Johnson delivered the summons and complaint to the sheriff the day before the expiration of the limitation period. Johnson agrees service of process was not effected within 60 days, but rather was accomplished in about 144 days. However, Johnson argues the 60–day period specified in Rule 3.01(c) should be calculated by counting only those days a defendant is amenable to service of process. We disagree.

■ Actual service must be completed within the 60–day grace period to preserve the effectiveness of the date of delivery to the sheriff as the date of commencement of the action. *Johnson v. Soo Line R.R. Co.,* 463 N.W.2d 894, 898 (Minn.1990). The 60–day period does not suspend the statute of limitations or extend the time to commence the action. *Id.* at 898 n. 4. "[T]he 60–day grace period is intended to accommodate a busy sheriff, not a tardy plaintiff." *Id.* at 898. The burden under Rule 3.01(c) was on Johnson to be diligent, and there is no evidence Husebye was evading service. The explicit language of the rule does not give a trial court or an appellate court discretion to extend the time period. Thus, the trial court properly concluded Johnson failed to effect timely service of process.

## II.

Johnson also seeks to extend the two-year statute of limitation on medical malpractice actions beyond the date of service on Husebye. She argues the statute should be extended by 200 days because Husebye was not in Minnesota for 200 days during the two-year statutory period. We disagree.

■ If a person "departs from and resides out of the state" after a cause of action accrues, there are two grounds for tolling a statute of limitations: (a) if the person is not subject to process while out of the state, or (b) if the person cannot be found after a diligent search. Minn.Stat. § 541.13 (1988); *Duresky v. Hanson,* 329 N.W.2d 44, 47–49 (Minn.1983). For over a century, Minnesota courts have interpreted the phrase "departs from and resides out of the state" as a requirement that there be a change of domicile before a statute of limitations will be tolled. *See Duresky,* 329 N.W.2d at 47; *Beckos v. Hamre,* 236 Minn. 494, 497–98, 53 N.W.2d 234, 236–37 (1952); *Nelson v. Sandkamp,* 227 Minn. 177, 183–84, 34 N.W.2d 640, 644 (1948); *Venable v. Paulding,* 19 Minn. 488 (Gil. 422), 492 (Gil. at 424) (1873). A departure from the state which is merely a temporary sojourn elsewhere, rather than the acquisition of a new domicile, is insufficient to toll a statute of limitations. *Nelson,* 227 Minn. at 184, 34 N.W.2d at 644.

■ Tolling statutes are designed to prevent a cause of action arising in this state from becoming unenforceable upon expiration of the statutory period of limitation when personal jurisdiction cannot be obtained because a defendant is not within the state. *Long v. Moore,* 295 Minn. 266, 270, 204 N.W.2d 641, 643 (1973). That danger does not exist when it is possible to serve process on a nonresident defendant. *See id.* at 270–71, 204 N.W.2d at 643–44. Thus, there is no reason to toll the statute of limitations during a defendant's mere absence from the state when there are adequate provisions for legal service upon a nonresident defendant. *Id.* at 271, 204 N.W.2d at 644.

■ It is undisputed Husebye did not change his domicile during the limitation period. Even if Husebye had established domicile elsewhere, the limitation period would not be tolled because Johnson made no attempt to find Husebye and Husebye was "subject to process" while he was out of the state. *See* Minn.Stat. §§ 541.13, 543.19 (1988). Because Johnson had adequate means of serving Husebye with legal

process, the statute of limitations could not be tolled based solely on Husebye's absence from the state. *See Duresky,* 329 N.W.2d at 48. Accordingly, Johnson's action is barred by the two-year statute of limitations.

### DECISION

Johnson did not commence her medical malpractice action within the statutory limitation period because she failed to actually serve Husebye within 60 days after delivering her summons and complaint to the sheriff. In addition, the two-year statute of limitation is not tolled under Minn.Stat. § 541.13 (1988) because Husebye was subject to service of process at all times, and Johnson did not diligently search for Husebye to effect personal service. Therefore, the trial court properly granted Husebye's motion for summary judgment.

Affirmed.