Lonnie S. SINGELMAN, Appellant,

v.

ST. FRANCIS MEDICAL CENTER,
Respondent.

No. A09–1044.

Court of Appeals of Minnesota.

Jan. 19, 2010.

Keith L. Miller, Miller, Norman & Associates, Ltd., Moorhead, MN, for appellant.

Steven R. Schwegman, James S. McAlpine, Quinlivan & Hughes, P.A., St. Cloud, MN, for respondent.

Considered and decided by TOUSSAINT, Chief Judge; KLAPHAKE, Judge; and BJORKMAN, Judge.

## OPINION

BJORKMAN, Judge.

Appellant Lonnie Singelman challenges the summary-judgment dismissal of her medical-malpractice action, arguing that she served the summons on respondent within the time allowed by the applicable statute of limitations. Because we conclude that Singelman did not commence the action within the limitations period, we affirm.

## FACTS

Singelman alleges that respondent St. Francis Medical Center (SFMC) committed medical malpractice on July 12, 2004. While preparing Singelman for surgery, a nurse stuck an IV needle into Singelman's left arm, hitting a nerve. The impact with the nerve immediately caused Singelman's hand to "claw up" and has caused her ongoing pain and weakness.

A SFMC representative initially told Singelman that SFMC would cover the costs of medication related to her nerve injury. But SFMC did not pay any of her medical expenses and eventually told Singelman that it was interested in arbitrating her potential claim. At that point, Singelman retained an attorney. Singelman's attorney communicated first with SFMC's claims representative, and then with SFMC's attorney, exchanging information and discussing arbitration. Discussions broke down around October 16, 2007. There was no further communication between the parties until Singelman attempted to commence this action.

On July 7, 2008, Singelman's attorney sent a copy of the summons and complaint via first class mail to the Wilkin County Sheriff, requesting service upon SFMC. According to its internal records, the Wilkin County Sheriff's Office did not receive counsel's letter and the pleadings until July 17, 2008, five days after the statute of limitations had expired.[1] The secretary responsible for civil process at the sheriff's office stamped the received date on the cover letter. She submitted an affidavit stating that she remembers receiving the letter because she thought it was unusual to have a request for service on a date that had already passed. The secretary contacted Singelman's attorney, who asked that the sheriff serve the papers anyway. The sheriff's office served the summons and complaint on SFMC the same day.

1. The statute of limitations on a medical malpractice action is 4 years. Minn.Stat. § 541.076 (2008). The parties agree that the limitations period expired on July 12, 2008.

SFMC moved for summary judgment on the ground that the statute of limitations had expired by the time the process was "delivered" to the sheriff. Singelman argued that delivery occurred when her attorney mailed the summons and complaint to the sheriff's office. Citing her own receipt of a contemporaneously mailed copy of the summons and complaint on or before July 9, 2008, Singelman also challenged the factual basis for SFMC's assertion that the sheriff did not receive the pleadings until July 17, 2008. The district court granted summary judgment to SFMC. This appeal follows.

### ISSUES

I.  Is the delivery requirement of Minn. R. Civ. P. 3.01(c) satisfied by mailing the summons and complaint to the sheriff?

II. Is SFMC equitably estopped from asserting the statute-of-limitations defense?

### ANALYSIS

We review an appeal from summary judgment de novo, asking whether there are any genuine issues of material fact and whether either party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03; *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.,* 644 N.W.2d 72, 77 (Minn. 2002). We view all facts in the light most favorable to the party against whom summary judgment was granted. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993).

### I.

■ This case turns on the interpretation of the phrase "delivered to the sheriff" in Minn. R. Civ. P. 3.01(c). "In construing a rule, this court must look first to the plain language of the rule and to its purpose." *State v. Palmer,* 749 N.W.2d 830, 832 (Minn.App.2008).

Minn. R. Civ. P. 3.01 "deals exclusively with the time when [a civil] action is commenced," not the way in which it is commenced. *Franson v. Carlson,* 272 Minn. 376, 381, 137 N.W.2d 835, 839 (1965). A civil action begins

(a) when the summons is served upon that defendant, or

(b) at the date of acknowledgment of service if the service is made by mail, or

(c) when the summons is delivered to the sheriff in the county where the defendant resides for service; but such delivery shall be ineffectual unless within 60 days thereafter the summons is actually served on that defendant or the first publication thereof is made.

Minn. R. Civ. P. 3.01. The rule does not define "delivered." Nor have Minnesota courts determined when a summons is "delivered" to the sheriff for purposes of commencing an action.

On its face, the word "delivered" is not ambiguous. The semantic range of "deliver" includes the idea of bringing something to a recipient or handing something over to another's possession. *The American Heritage College Dictionary* 368 (3d ed. 2000). And, without expressly defining the term, the supreme court has linked the concept of delivery with the physical act of placing something into the sheriff's possession. *See Bond v. Penn. R.R. Co.,* 124 Minn. 195, 197, 201–02, 144 N.W. 942, 943, 944 (1914) (discussing constructive service to a foreign defendant; concluding that placing "summons and complaint ... in the hands of the sheriff" of Hennepin County was proper); *Webster Mfg. Co. v. Penrod,* 103 Minn. 69, 71–72, 114 N.W. 257, 257–58 (1907) (stating in dicta and by analogy to district court procedure that service of a garnishment summons did not commence upon mailing but upon receipt by the proper officer). The leading

Minnesota treatise concurs: "Because of the importance of the date of receipt by the sheriff, attorneys should take care to obtain a copy of the summons showing date and time of delivery to the sheriff in cases where there is any question concerning the statute of limitations and timeliness of the action." 1 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 3.3 (5th ed. 2009).

Singelman urges this court to import the service-by-mail provisions of Minn. R. Civ. P. 5 to our analysis of rule 3.01. But rule 5, by its express terms, applies only to pleadings *"subsequent to the original complaint."* Minn. R. Civ. P. 5.01 (emphasis added). And, as noted above, rule 3.01 governs when an action is commenced.

■ We observe that the other methods of commencing an action under rule 3.01, personal service upon the defendant and receipt of the defendant's acknowledgment of service by mail, ensure that the defendant has physically received the summons and complaint before the action is deemed to have commenced. Minn. R. Civ. P. 3.01(a), (b). Because subdivision (c) of rule 3.01 essentially permits delivery to the sheriff to substitute for service on the defendant (assuming that the sheriff timely serves the pleadings on the defendant), it is logical to apply the same actual-receipt requirement. Accordingly, we conclude that Minn. R. Civ. P. 3.01(c) requires personal delivery of the summons and complaint to the sheriff.

■ This construction of rule 3.01(c) furthers the goal of providing "a single, uniform course of procedure that applies alike to all civil actions." *Leek v. Am. Express Prop. Cas.*, 591 N.W.2d 507, 509 (Minn.App.1999), *review denied* (Minn. July 7, 1999). In addition, it eliminates uncertainty in practice and the need for the fact-based arguments such as those Singelman advances here. Because Sin-gelman did not personally deliver the summons and complaint to the sheriff's office within the limitations period, her action was not timely commenced. The district court properly granted summary judgment.

## II.

■ Although the parties raised the issue of equitable estoppel in the district court, the district court did not address the issue. This court "generally [does] not address issues presented in but not decided by the district court." *Slindee v. Fritch Invs., LLC*, 760 N.W.2d 903, 911 (Minn.App.2009). But because this issue was argued extensively to both the district court and this court, and because it may be dispositive, we address it here in the interests of justice. *See* Minn. R. Civ.App. P. 103.04 (scope of review); *Kunza v. St. Mary's Reg. Health Ctr.*, 747 N.W.2d 586, 589–90 (Minn.App.2008) (discussing a "well-established" exception wherein an appellate court will consider an issue not decided below where it played a prominent role in briefing and may be dispositive).

■ A plaintiff invoking estoppel must show that she reasonably relied to her detriment on material misrepresentations made by the defendant. *Brenner v. Nordby*, 306 N.W.2d 126, 127 (Minn.1981). Promises intended to induce a party to refrain from taking action may estop a defendant from asserting a statute of limitations defense. *Albachten v. Bradley*, 212 Minn. 359, 364–65, 3 N.W.2d 783, 786 (1942). Such assurances may, in fact, toll statutes of limitation on an equitable-estoppel theory. But equitable estoppel may not apply when the party seeking estoppel "has failed to exercise due diligence in filing its action *after the grounds giving rise to the claimed estoppel have ceased to exist."* *Hydra–Mac, Inc. v. Onan Corp.*, 450 N.W.2d 913, 919 (Minn.1990).

The fact that Singelman retained an attorney after trying to deal directly with SFMC belies her assertion that she reasonably relied on SFMC's promises to her detriment. Additionally, any grounds "giving rise to the claimed estoppel" would have disappeared, at the latest, a month or two after Singelman's counsel received no response to his letter of October 16, 2007. The only reasonable inference from these facts is that Singelman was not diligent in commencing her action after settlement discussions broke down, and she is therefore unable to invoke equitable estoppel.

## DECISION

Minn. R. Civ. P. 3.01(c) requires personal delivery to the sheriff before an action is commenced. Because Singelman mailed the summons and complaint to the sheriff rather than personally delivering them and because the defense of equitable estoppel is not available to her, the statute of limitations expired on her claim, and summary judgment was appropriate.

**Affirmed.**