*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0712**

Nichole Cox,
Respondent,

vs.

Mid-Minnesota Mutual Insurance Company, et al.,
Appellants.

**Filed January 17, 2017
Reversed
Reilly, Judge**

Stearns County District Court
File No. 73-CV-15-11801

Charles J. Lloyd, Rachael J. Abrahamson, Brian F. Murn, Livgard & Lloyd PLLP, Minneapolis, Minnesota (for respondent)

Paul Wocken, Boe M. Piras, Willenbring, Dahl, Wocken & Zimmermann, PLLC, Cold Spring, Minnesota (for appellants)

Considered and decided by Bjorkman, Presiding Judge; Connolly, Judge; and Reilly, Judge.

## UNPUBLISHED OPINION

**REILLY**, Judge

Appellant-insurers challenge the district court's denial of appellants' motion to dismiss for insufficiency of service of process, arguing that the district court erred in ruling that service of process was perfected under Minnesota Rule of Civil Procedure 3.01(c)

where respondent-homeowner transmitted the summons and complaint to the county sheriffs via facsimile. Because we conclude that respondent did not effect personal delivery and the action was therefore not properly commenced, we reverse.

## FACTS

On January 9, 2014, respondent-homeowner's home was destroyed by fire. Respondent carried insurance policies through appellants Mid-Minnesota Mutual Insurance Company and North Star Mutual Insurance Company. Respondent submitted a damage claim to her insurers, which was denied. On January 11, 2016, respondent faxed a summons and complaint to the sheriff's departments in Benton and Lyon Counties, where the principal place of business for each of the insurers was located.[1] The Benton County sheriff's department personally served the summons and complaint upon Mid-Minnesota Mutual Insurance Company on January 19, and the Lyon County sheriff's department personally served the summons and complaint upon North Star Mutual Insurance Company on January 14. Appellants moved to dismiss the complaint, arguing that the court lacked personal jurisdiction over the parties because service of process was ineffective. The district court determined it had jurisdiction because the facsimile transmission to the sheriff's departments, followed by actual service within 60 days, satisfied "personal delivery" under Minnesota Rule of Civil Procedure 3.01(c). This appeal follows.

---

[1] In December 2015, respondent attempted to commence an action against appellants via substituted service pursuant to Minnesota Statutes sections 60A.19 and 45.028 (2016). Respondent later conceded that this service was ineffective.

2

**D E C I S I O N**

Whether service of process is effective presents a question of law that we review de novo. *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008). Service of process in a manner not specifically authorized by law is ineffective service. *Lundgren v. Green*, 592 N.W.2d 888, 890 (Minn. App. 1999), *review denied* (Minn. July 28, 1999). To be effective, service of process "must accord strictly with statutory requirements." *Id.* (quotation omitted). "It is well-settled that the ultimate burden of proving insufficient service of process is upon the defendant." *DeCook v. Olmsted Med. Ctr., Inc.*, 875 N.W.2d 263, 274 (Minn. 2016). However, the plaintiff must first submit evidence demonstrating that service was made in an effective manner. *Id.* "In other words, the plaintiff bears the initial burden of production, and the defendant bears the ultimate burden of persuasion." *Id.*

The issue presented here is whether respondent properly complied with Minnesota Rule of Civil Procedure 3.01, as interpreted by this court in *Singelman v. St. Francis Med. Ctr.*, 777 N.W.2d 540 (Minn. App. 2010), in commencing a civil action against appellants by faxing the pleadings to the sheriffs' departments. Rule 3.01 provides that:

> A civil action is commenced against each defendant:
>
> (a) when the summons is served upon that defendant, or
>
> (b) at the date of acknowledgement of service if service is made by mail or other means consented to by the defendant either in writing or electronically; or
>
> (c) when the summons is delivered to the sheriff in the county where the defendant resides for service; but such delivery shall be ineffectual unless within 60 days thereafter the summons is

actually served on that defendant or the first publication thereof is made.

Minn. R. Civ. P. 3.01(a)-(c).

Appellants argue that respondent failed to comply with rule 3.01(c) because the facsimile transmissions to the sheriffs' departments do not constitute personal delivery. We agree.

Our analysis in *Singelman* controls. In *Singelman*, the plaintiff prepared a complaint alleging medical malpractice against a medical center. 777 N.W.2d at 541. Five days before the four-year limitations period expired, plaintiff's counsel sent a copy of the summons and complaint via first-class mail to the county sheriff's department and requested service upon the medical center under rule 3.01. *Id*. The sheriff's department did not receive the pleadings until five days after the limitations period expired. *Id*. The district court granted summary judgment in favor of the defendant and we affirmed, concluding under the rule's plain language that "Minn. R. Civ. P. 3.01(c) requires personal delivery of the summons and complaint to the sheriff." *Id*. at 543. We based our analysis in part on reading and construing the rule as a whole and on interpreting section (c) in light of the surrounding sections. *Id*.; *see also Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn. 2000) ("We are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations.").

We observed that:

> [T]he other methods of commencing an action under rule 3.01, personal service upon the defendant and receipt of the defendant's acknowledgment of service by mail, ensure that the defendant has physically received the summons and

4

complaint before the action is deemed to have commenced. Minn. R. Civ. P. 3.01(a), (b). Because subdivision (c) of rule 3.01 essentially permits delivery to the sheriff to substitute for service on the defendant (assuming that the sheriff timely serves the pleadings on the defendant), it is logical to apply the same actual-receipt requirement. Accordingly, we conclude that Minn. R. Civ. P. 3.01(c) requires personal delivery of the summons and complaint to the sheriff.

777 N.W.2d at 543.

Respondent argues that appellants' reliance on *Singelman* is misplaced. Respondent contends that personal delivery is not required under the plain language of rule 3.01(c), and urges this court to hold that "actual receipt" is equivalent to personal service. *See, e.g.*, *Stonewall Ins. Co. v. Horak*, 325 N.W.2d 134, 135-36 (Minn. 1982) (holding that actual notice is equivalent to personal service under Minn. R. Civ. P. 4.03). Respondent's argument is misplaced, in that it conflates the personal service requirements of rule 3.01(c) with those of rule 4. We stated decisively in *Singelman* that rule 3.01 "requires personal delivery of the summons and complaint to the sheriff," 777 N.W.2d at 543, and personal delivery was not accomplished here.

Respondent has not met her initial burden of demonstrating that service of process was effective. *DeCook*, 875 N.W.2d at 274. It is uncontested that appellant faxed the summons and complaint to the sheriff's departments. Applying *Singelman*, appellant's action was never properly commenced because she failed to personally deliver the summons and complaint to the sheriff's departments. *See Singelman*, 777 N.W.2d at 543 (holding that because plaintiff failed to personally deliver the summons and complaint to the sheriff's office within the limitations period, the action was not timely commenced and

5

the district court properly granted summary judgment); *see also Johnson v. Husebye*, 469 N.W.2d 742, 745 (Minn. App. 1991) ("An attorney relying on this method [of service under rule 3.01(c)] must be vigilant to ensure service is effected within 60 days."), *review denied* (Minn. Aug. 2, 1991). Because respondent did not personally deliver the summons and complaint to the sheriff's departments, her action was not properly commenced and the district court lacked jurisdiction. Dismissal is therefore appropriate.[2]

**Reversed.**

---

[2] The parties raise public policy arguments in support of their respective positions. We do not reach the merits of these arguments, which are better directed to other bodies. *See Tereault v. Palmer*, 413 N.W.2d 283, 286 (Minn. App. 1987) (explaining that public policy arguments to modify existing law are within the purview of the Minnesota Supreme Court or the legislature, rather than the court of appeals), *review denied* (Minn. Dec. 18, 1987).